No. 43,329

THE STATE OF KANSAS, *Appellee,* v. FRED E. DEXTER, *Appellant.*

(382 P. 2d 462)

Opinion filed June 8, 1963.

*Roy Cook,* of Kansas City, argued the cause and was on the brief for the appellant.

*B. D. Watson,* County Attorney, argued the cause, and *William M. Ferguson,* Attorney General, and *Monte Heasty,* Assistant County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is an appeal from an order overruling defendant's motion to vacate an alleged void judgment.

The factual background of the matter is this:

On September 9, 1955, defendant, Fred E. Dexter, was charged

in an information filed in the district court of Montgomery county with the violation of the worthless-check statute (G. S. 1949, 21-554). The amount of the check was sufficient so as to constitute a felony (G. S. 1949, 21-555). On September 12, 1955, the case came on for arraignment. Defendant was without counsel, and, accordingly, the court appointed a local attorney to represent him. Defendant was arraigned and a formal plea of not guilty was entered. The case was assigned for trial on October 4, 1955. On September 15, 1955, defendant filed a motion to abate the action under the provisions of G. S. 1949, 21-556. Among other things, this motion alleged that defendant had an account in the bank upon which the check was written thirty days next prior to the time the check was given; that the check was drawn upon the bank without intent to defraud the payee therein, and that defendant was willing and able to pay into court the amount of such check and the costs of the action.

This motion to abate was heard on September 18, 1955. Without detailing the testimony taken at this hearing, it may be said the evidence left no doubt of the fact that defendant was, and for some time had been, an habitual "bad-check writer," not only in Montgomery county but elsewhere. In fact, at the very time the hearing was had defendant was serving a sentence in the county jail on a misdemeanor charge growing out of the giving of a bad check. At the conclusion of the hearing the court stated:

"The application for abatement will be overruled. The officers have been arresting you, turning you loose and paroling you and putting you in jail for the last five years, and it has not cured you at all."

On October 1, 1955, defendant again appeared in court with counsel and moved to withdraw his former plea of not guilty. The motion was allowed and the plea of not guilty was withdrawn. Thereupon he, with counsel, entered a plea of guilty to the charge of feloniously issuing a worthless check. Upon inquiry being made, defendant offered no reason or legal cause to show why sentence should not be pronounced. He thereupon was sentenced to confinement in the penitentiary for a term of not less than one year nor more than five years, as provided by statute (G. S. 1949, 21-555).

Apparently the trial court had a change of heart—for, on October 6, 1955, defendant was granted a bench parole from the sentence theretofore imposed. The order of parole contained the usual conditions and was for a period of two years.

On January 18, 1957, it having been shown to the court that defendant had violated the terms and conditions of his parole, it was ordered that the parole be revoked. A commitment was issued and he was committed to the penitentiary to serve the sentence theretofore imposed.

It appears that after serving some time in the penitentiary defendant was placed on parole by the parole board. While out on parole he committed the offenses of burglary and larceny in Elk county. On July 16, 1959, being represented by counsel, he entered his plea of guilty to those charges in Elk county and was sentenced to confinement in the penitentiary, such sentence to commence upon the expiration of the prior Montgomery county sentence, from which he was at that time on parole. Pursuant to the Elk county conviction and sentence, defendant was returned to the penitentiary to serve the remainder of the Montgomery county sentence, at the expiration of which the Elk county sentence was to commence. (We are advised—and it is not disputed—that as of September 13, 1960, defendant had fully served the Montgomery county sentence and that he is presently confined under the Elk county sentence.)

On August 7, 1962, almost seven years after defendant was sentenced in the Montgomery county district court, defendant filed in that court a motion to vacate the judgment of that court of October 1, 1955, on the ground that it was void. The principal ground of the motion appears to be that the bank upon which the check in question had been drawn had wrongfully appropriated certain "Veteran's Benefits" checks, payable to defendant, which had been mailed to the bank, and had applied them to reduce an indebtedness of defendant to the bank; that had such not been done his bank account would have been sufficient to cover the check upon which he was prosecuted, and therefore the court erred in overruling his motion to abate the action.

This motion to vacate and set aside the judgment of October 1, 1955, was heard on August 16, 1962, and was overruled.

It is from that order defendant has appealed.

The state has moved to dismiss the appeal on the grounds (1) defendant has completely served the Montgomery county sentence and, therefore, questions concerning it are moot, and (2) the time for raising questions of law or alleged trial errors, which could have been raised by appeal, has long since expired.

Defendant, being represented on appeal by new counsel, contends the judgment of October 1, 1955, overruling his motion to abate the action, was void for the reasons contained in his motion filed on August 7, 1962, heretofore mentioned, and, being void, may be vacated and set aside at any time.

Upon consideration of the matter, we are of the opinion defendant's contentions are utterly lacking in merit and that this appeal must be dismissed.

Under the provisions of the abatement statute (G. S. 1949, 21-556), which are discussed thoroughly in *State v. Morris,* 190 Kan. 93, 372 P. 2d 282, the burden was upon defendant to prove to the court that the check in question was given without intent to defraud. He failed to convince the court of this, and, as heretofore stated, the evidence at the hearing was overwhelmingly contrary to his contention that he had no intent to defraud, and clearly established that he was a confirmed habitual "bad-check writer."

We do not reach the question concerning the alleged wrongful application by the bank of defendant's funds to reduce his indebtedness to the bank. The plain and simple fact of the matter is, as stated, that defendant failed to convince the court he had no intent to defraud when he gave the check. Furthermore, following the denial of his motion to abate, defendant entered a voluntary plea of guilty. This amounted to a full confession of guilt of every fact alleged in the charge. (*State v. Nichols,* 167 Kan. 565, 577, 207 P. 2d 469.)

The judgment of October 1, 1955—sought to be set aside—was not void. The court had jurisdiction of defendant and of the subject matter. Any claimed irregularity or errors in that judgment could have been reviewed by appeal if timely and properly taken. Our criminal code (G. S. 1949, 62-1701) provides that an appeal may be taken by a defendant, as a matter of right, from any judgment against him, and 62-1724 provides that a defendant may appeal at any time within six months from the date of the sentence. Defendant chose not to appeal—and the time for doing so has long since expired. Almost seven years later he filed a motion to vacate the judgment as being void. This appeal, being from the order overruling that motion, is dismissed.