No. 44,279

Sam Byrd, Jr., *Appellant*, v. State of Kansas, *Appellee*.

(413 P. 2d 61)

Opinion filed April 9, 1966.

*R. H. Foerschler,* of Kansas City, argued the cause, and was on the brief for the appellant.

*Leo J. Moroney,* County Attorney, argued the cause, and *Robert C. Londer-holm,* Attorney General, and *William L. Roberts,* Assistant County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Fontron, J.: On March 22, 1963, the petitioner, Sam Byrd, Jr., entered a plea of guilty to second-degree burglary and was sentenced to the Kansas State Penitentiary for not less than five nor more than ten years. Throughout those proceedings the petitioner was represented by court-appointed counsel, concerning whose competency no question is raised.

Thereafter, the petitioner filed a motion, pursuant to K. S. A. 60-1507, in which he attacked the sentence on the ground that he was not provided legal counsel at the preliminary examination. This motion was presented to the Wyandotte County District Court on September 11, 1964, at which time the petitioner was represented by court-appointed counsel, Mr. Albert Grauberger, an attorney of Kansas City, Kansas.

Upon examining the pleadings, the trial court found that the petitioner's presence was not required for the purpose of the hearing and, after hearing arguments of counsel, overruled the motion to vacate the sentence. The instant appeal was subsequently perfected and new counsel, Mr. R. H. Foerschler, also of Kansas City, was appointed to represent the petitioner.

Two questions are presented on this appeal: First, that counsel

should have been appointed to represent the petitioner at his preliminary hearing; and second, that a plenary hearing should have been held on his motion to vacate the sentence.

Neither of the questions presented are new. Both have been answered authoritatively on numerous occasions.

In an unbroken line of decisions this court has held that an accused has no constitutional right to appointed counsel at the preliminary examination and that the failure to provide him with counsel at such time does not constitute reversible error unless his substantial rights have been prejudiced thereby. (*State v. Daegele,* 193 Kan. 314, 393 P. 2d 978, cert. den. 379 U. S. 981, 13 L. Ed. 2d 571, 85 S. Ct. 686; *State v. Blacksmith,* 194 Kan. 643, 400 P. 2d 743; *Portis v. State,* 195 Kan. 313, 403 P. 2d 959; *Cooper v. State,* 196 Kan. 421, 411 P. 2d 652.)

We would agree with petitioner's assertion that under certain circumstances the preliminary hearing may become such a critical phase in the prosecutory process that appointment of counsel is required. (*White v. Maryland,* 373 U. S. 59, 10 L. Ed. 2d 193, 83 S. Ct. 1050; *Hamilton v. Alabama,* 368 U. S. 52, 7 L. Ed. 2d 114, 82 S. Ct. 157; *Pointer v. Texas,* 380 U. S. 400, 13 L. Ed. 2d 923, 85 S. Ct. 1065.) However, none of the pernicious circumstances pointed out in the foregoing federal cases are shown or alleged to exist in the present action. There is nothing in this record to indicate that the petitioner was in any way prejudiced by lack of counsel at his preliminary examination.

Furthermore, the defendant's voluntary plea of guilty to the charge against him constituted a waiver of any irregularities which might have occurred at the preliminary hearing stage of the proceedings. (*Portis v. State,* supra; *Zumalt v. State,* 195 Kan. 520, 407 P. 2d 234.) We hold that petitioner's first claim of error is without merit.

Likewise, the second ground urged by appellant is untenable. His motion to vacate the sentence presented no triable issue of fact, for it was predicated solely on lack of counsel at the preliminary examination. That issue of law was determinable, so far as this case is concerned, from the files and records which were available to the court. Accordingly, no evidentiary hearing was required. Under the provisions of Rule No. 121 (*h*) of the Supreme Court (194 Kan. xxviii), a trial court is vested with discretion to deter-

mine whether a claim is substantial before granting an evidentiary hearing and requiring the petitioner to be produced.

Clearly, a plenary hearing would have served no practical purpose. The legal point involved was presented on oral argument, at which the petitioner's court-appointed counsel was present. No contested issue of fact was presented, and neither the petitioner's presence nor his testimony would have assisted the court in deciding the legal issue which was raised. Hence, no abuse of discretion is shown. (*Groene v. State*, 195 Kan. 740, 408 P. 2d 580.)

We have carefully examined the record in this case and find no error. The judgment of the trial court is affirmed.