No. 44,835

JOHN ALFRED WAGNER, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(427 P. 2d 495)

Opinion filed May 13, 1967.

*Hugh D. Mauch,* of Great Bend, argued the cause and was on the briefs for the appellant.

*Robert L. Bates,* Assistant County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, and *Donald H. Humphreys,* County Attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

KAUL, J.: This is an appeal from an order denying the appellant's motion to vacate and set aside a sentence in a proceeding brought under the provisions of K. S. A. 60-1507.

The appellant, John Alfred Wagner, will hereafter referred to as petitioner.

Petitioner was charged by information on two counts of violating G. S. 1949, 21-906, now K. S. A. 21-906. On September 18, 1963, petitioner appeared before the trial court with an attorney of his own choice for arraignment. Count one of the information was dismissed on motion of the state and petitioner waived arraignment and entered a plea of guilty to count two. He was sentenced to confinement in the Kansas State Penitentiary for a term not to exceed seven years.

On March 24, 1965, petitioner filed his motion, the subject of this appeal, in the district court. He failed to give the names of any witnesses or to designate any evidence by which the allegations of his motion might be supported. On May 12, 1965, the district court entered findings that the motion, files and records conclusively showed the petitioner was entitled to no relief and denied the motion.

At the request of petitioner present counsel was appointed and this appeal was perfected.

In an oral argument on appeal it was disclosed by petitioner's counsel that the delay in presenting the appeal to this court stems from voluminous correspondence between petitioner and counsel and uncertainty as to the manner in which petitioner desired his appeal to be presented to this court.

Petitioner sets out seventeen items in his statement of points. We have examined the statement and believe the points may be fairly consolidated into one controlling issue, i. e., was the trial court warranted in accepting petitioner's plea of guilty under the facts and circumstances?

The following pertinent facts are gleaned from the record. Petitioner was represented by competent, experienced counsel of his own choice throughout all of the proceedings, including his preliminary hearing. It is to be noted that a dismissal of count one of the information was secured on arraignment. The transcript of the sentencing proceedings reveals the presiding judge carefully questioned petitioner before his plea of guilty was accepted. Petitioner stated that he had ample opportunity to confer fully with his counsel relative to the charges, that he understood the charges, and that he knew of no legal reason why sentence and judgment should not be pronounced.

Upon questioning by the court petitioner's counsel also approved the plea of guilty. The petitioner was forty-three years of age at the time of sentencing; and there is no indication whatsoever in the record but that petitioner voluntarily and understandingly entered his plea of guilty. Petitioner neither filed a motion to withdraw his plea nor appealed from the sentence and conviction.

Such being the case we find no merit in this appeal. It has long been the settled law of this jurisdiction that a defendant's plea of guilty is a confession of guilt of the crime charged and of every fact alleged in the charge. It is the most formal and binding confession that can be made. (*State v. Nichols,* 167 Kan. 565, 207 P. 2d 469; *State v. Dexter,* 191 Kan. 577, 382 P. 2d 462, cert. den. 375 U. S. 948, 11 L. Ed. 2d 278, 84 S. Ct. 359; *McCall v. State,* 196 Kan. 411, 411 P. 2d 647.)

The record fully supports the conclusion of the trial court and the judgment is affirmed.