No. 44,822

WILBUR EDWARD ALLEN, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(427 P. 2d 598)

Opinion filed May 13, 1967.

*Harold N. Jordan,* of Beloit, argued the cause, and was on the brief for the the appellant.

*Robert H. Meyer,* county attorney, argued the cause, and *Robert C. Londerholm,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: This is an appeal from a denial of a motion filed

under the provisions of K. S. A. 60-1507 in the district court of Jewell county.

On December 10, 1962, the petitioner, Wilbur Edward Allen, was charged in the county court of Jewell county with the crime. of murder in the first degree (G. S. 1949 [now K. S. A.] 21-401) for the death of one, John Maxwell. Upon being brought before the court on December 17, Allen, without counsel, waived a preliminary examination and was bound over to the district court for trial. On January 2, 1963, an information was filed, and the following day Allen appeared before the district court and requested that counsel be appointed. Subsequently, the court appointed Harry Gantenbein and Arno Windscheffel. On March 18, Allen was arraigned on the charge contained in the information and entered a plea of guilty. His plea was accepted, and the court proceeded, in accordance with G. S. 1949 [now K. S. A.] 21-403, to hear evidence for the purpose of determining punishment.

The state introduced, without objection, Allen's written statement given at Ocala, Florida, on December 10, 1962, to two agents of the Kansas Bureau of Investigation. Allen, after being fully advised of his rights by the agents, related in the statement that one evening in the forepart of August 1962 he pulled into a service station just south of Superior, Nebraska, and after the attendant filled the car with gas at Allen's direction, Allen told the attendant that he [Allen] would have to go to town and get money to pay for the gas, whereupon the attendant said Allen could not move the car until the gas was paid for; that Allen pulled a gun from his pocket, pointed it at the attendant, and the gun went off twice; that the attendant fell to the floor and Allen removed a billfold from the attendant's pocket and took $105 from it; that Allen was driving a 1960 Chevrolet automobile in which he was later stopped by an officer in Plainville, Kansas; that he left the gun in the automobile and that he planned only to rob the attendant, rather than to shoot him, and that "it just happened." Other evidence was adduced showing that a .22 caliber Beretta was found in the front seat of the 1960 Chevrolet described as the one driven by Allen at the time of the killing. Ballistics tests revealed the bullets removed from the body of the victim were fired by the gun, and Allen orally admitted to the officers that the gun found in the car was the one he had used at the time Maxwell was killed. The filling station was located in Jewell county, fifty or seventy-five feet south of the Kansas-Nebraska

state line. Allen offered no evidence, and the court thereupon sentenced him to life imprisonment in the state penitentiary.

On April 4, 1966, Allen, *pro se,* filed his 60-1507 motion on the prescribed form (Rule No. 121, 194 Kan. xxvii), along with a brief in support thereof. The grounds for relief were substantially those now raised on appeal, and no witnesses or evidence were listed in support of any of the allegations. The motion was presented to the district court on June 6 for the purpose of determining if any "substantial grounds for relief" were contained therein. Harold N. Jordan, privately retained counsel, appeared and argued the matter for the petitioner. The court determined the files and records of the case conclusively showed petitioner was entitled to no relief, and the motion was denied. From this order Allen has appealed, and Mr. Jordan has been appointed counsel.

Petitioner urges that the allegations of his motion required that the court grant him a full evidentiary hearing. In deciding this overall question, we shall examine the four points assigned as error on appeal.

First, petitioner contends that he was not fully and adequately advised of his constitutional rights at the time of his arraignment and plea in the district court. To what rights he refers is not entirely clear. Nevertheless, we believe the record shows the contention is patently unfounded. On February 7, 1963, petitioner appeared before the court with his court-appointed attorneys, and upon his attorney's request arraignment was postponed so that they could confer further with their client. Arraignment took place more than a month later on March 18. After the information was read, the following proceedings transpired:

"THE COURT: You are now required to plead to the Information. You may stand mute and not answer anything; in which event the Court will order a trial by jury. You may enter a plea of not guilty. If so, the court will order a trial by jury. Or, you may enter a plea of guilty. A plea of guilty to the Information charging you [with] First Degree Murder means that you may be imprisoned for life or suffer the death penalty. Having been informed by the Court, and I take it informed by your attorneys, how do you plead to the Information read to you?

"MR. WINDSCHEFFEL: If it please the Court; as one of the co-counsel for the defendant; I have conversed with the defendant on various and several occasions, and as the Court has asked the defendant, again this morning. We have read to him the statute pertaining to the penalty on the charge as filed herein. And, after having informed the defendant, and visited with him on the

several occasions that we have talked with him, we now enter a plea of guilty as charged.

"THE COURT: Now, to the defendant, what do you have to say?

"THE DEFENDANT: I plead guilty, sir.

"THE COURT: You plead guilty. Do you understand what the plea may mean?

"THE DEFENDANT: Yes, sir.

"THE COURT: Have any promises been made to you?

"THE DEFENDANT: No, sir.

"THE COURT: You may be seated. Well, I accept your plea, but that doesn't end the matter in a First Degree Murder charge. We will have to hear evidence on the question of punishment, . . . When do you want to present the case? If you are ready to proceed now, I am ready.

"MR. WINDSCHEFFEL: We are ready to proceed, your honor."

Petitioner specifically complains he was not advised that he had a right to appeal. In his motion the petitioner lists no witnesses or evidence to support his assertion. Hence, it must be assumed that counsel fairly and fully advised the petitioner of his rights, including the right to appeal. (*Ware v. State*, 198 Kan. 523, 426 P. 2d 78; *State v. Robertson*, 193 Kan. 668, 396 P. 2d 323.) The record is silent about whether or not the district court so advised him, but assuming the district court failed in this respect, it does not follow that petitioner was denied any constitutional right. An appeal to this court by one convicted of a crime is not a right guaranteed by the constitution of this state (Constitution of Kansas, Art. 3, § 3); neither is it a fundamental right guaranteed by the Constitution of the United Sates or a requisite of due process of law guaranteed by the fourteenth amendment. Thus, failure to advise the petitioner of his right to appeal in no way deprived him of any constitutional right. (*Ware v. State*, supra, and cases cited therein.)

Petitioner next asserts the information failed to allege that the offense was committed during the commission of a felony, and therefore, under the facts, it could not form the basis for a judgment and sentence for murder in the first degree. We note the form or sufficiency of the information was never challenged in any way throughout the proceedings. The pertinent part of the information is as follows:

". . . one Wilbur Edward Allen did then and there unlawfully, feloniously and wilfully, intentionally, deliberately and premeditatedly, on purpose, and with malice aforethought, kill and murder one John Maxwell, a human being, by shooting him, the said John Maxwell, with a certain loaded .22 calibre

automatic pistol thereby mortally wounding said John Maxwell and then and there and in said manner causing the death of him, the said John Maxwell, . . ."

From the evidence adduced at the hearing to determine punishment, it appears without question the victim was killed by the petitioner during the perpetration of a robbery. It is well established in this state that an information in the ordinary form, charging that a killing was done with malice aforethought, deliberation and premeditation, is sufficient to sustain a conviction of murder in the first degree committed in the perpetration of a robbery under K. S. A. 21-401. (*State v. Turner*, 193 Kan. 189, 392 P. 2d 863 [information with nearly identical language to that of the instant case]; *State v. Roselli*, 109 Kan. 33, 198 Pac. 195.) As part of his argument, petitioner further contends his confession shows he could only have been convicted of robbery in the first degree. A short answer to this is that he pleaded guilty to the information which clearly charged him with the crime of murder in the first degree in the language of the statute. This court has repeatedly held that an accused's voluntary plea of guilty in a criminal case is a confession of guilt of the crime charged and every fact alleged therein, and that legally it is the most formal and binding confession possible for him to make (*Wagner v. State*, 199 Kan. 154, 427 P. 2d 495; *McCall v. State*, 196 Kan. 411, 411 P. 2d 647; *State v. Dexter*, 191 Kan. 577, 382 P. 2d 462, cert. denied 375 U. S. 948 11 L. Ed. 278, 84 S. Ct. 359; *State v. Downs*, 185 Kan. 168, 341 P. 2d 957), and once a plea of guilty has been voluntarily entered by an accused, there is absolutely no necessity to introduce any evidence to maintain the conviction. (*McCall v. State*, supra.)

Petitioner next contends he pleaded guilty because of his confession which was obtained during undue delay in "arraignment" without counsel. The contention is untenable for several reasons. In the first place, if petitioner is complaining that the confession was inadmissible at trial, he overlooks the significance of his plea of guilty. The confession was admitted without objection and was used only for the purpose of determining the punishment to be assessed after his plea of guilty; so whether or not it would have been admissible at a trial where the issue of guilt or innocence was to be determined is entirely irrelevant. (*Baier v. State*, 197 Kan. 602, 419 P. 2d 865, and cases therein cited.) In the second place, if petitioner is attempting to say his plea was not freely and volun-

tarily made, he sets forth nothing other than his uncorroborated statement that he did so because of his confession, which, presumably, he now contends was involuntary. On the same day the petitioner was charged with the crime, he gave his confession in Florida. Seven days later, upon being returned to Kansas, he appeared before a magistrate. Under such circumstances, the confession could not be said to be the product of detention. (See *State v. Stubbs,* 195 Kan. 396, 407 P. 2d 215.) Furthermore, an accused's confession made during a pretrial interrogation is not rendered inadmissible solely because it was made at a time when the accused did not have counsel. (*State v. Brown,* 198 Kan. 473, 426 P. 2d 129, and cases cited therein.) From what has been said, petitioner's allegation, in face of the record on the point, raised no substantial issue of fact.

Finally, petitioner contends he waived preliminary hearing without advice of counsel, that such waiver was not in writing, and that this was a critical stage of the proceedings. There is no requirement under our law that a waiver of preliminary examination must be in writing. (*Palmer v. State,* 199 Kan. 73, 427 P. 2d 492.) Ordinarily, a preliminary examination is not deemed a critical stage of the proceedings in this jurisdiction. (*State v. Richardson,* 194 Kan. 471, 399 P. 2d 799.) Inasmuch as an indigent accused has no constitutional right to appointed counsel at a preliminary examination, failure to provide counsel at such time does not constitute reversible error, absent a showing of prejudice to his substantial rights. A number of our recent decisions to this effect are found in *Brown v. State,* 198 Kan. 345, 424 P. 2d 576. Nor is a waiver of such examination rendered ineffective because the accused was without counsel at the time. (*Powers v. State,* 194 Kan. 820, 402 P. 2d 328; *State v. Blacksmith,* 194 Kan. 643, 400 P. 2d 743.) In addition, petitioner's voluntary plea of guilty to the charge against him constituted a waiver of any alleged irregularities occurring at the preliminary examination stage. (*Witt v. State,* 197 Kan. 363, 416 P. 2d 717; *Coats v. State,* 196 Kan. 607, 413 P. 2d 81; *Byrd v. State,* 196 Kan. 466, 413 P. 2d 61; *Smith v. State,* 196 Kan. 438, 411 P. 2d 663; *State v. Bethea,* 196 Kan. 188, 410 P. 2d 272.)

From an examination of the record we find that the judge of the county court fully advised the petitioner of the purpose of a preliminary examination, including his right to counsel, and that peti-

tioner consented to being bound over to the district court. We find nothing to indicate that petitioner's substantial rights were prejudiced in any way by the lack of counsel at the time he waived preliminary examination.

Although not stated as a separate point on appeal, petitioner, in his brief, asserts that at the time of the alleged offense he was of unsound mind, and that all parties concerned were aware of his mental condition. There is no indication in the record that the matter was ever raised throughout the entire proceedings. The question of mental responsibility must be presented and determined during trial, and is not properly justiciable in a subsequent 60-1507 proceeding. (*Kiser v. State*, 196 Kan. 736, 413 P. 2d 1002.)

We are of the opinion the district court correctly concluded that no plenary hearing was required on the grounds asserted in petitioner's motion. The issues raised were determinable from the files and records, and the court's denial of relief was fully warranted. (*Peterson v. State*, 198 Kan. 26, 422 P. 2d 567; *Kenreck v. State*, 198 Kan. 21, 422 P. 2d 894; *Smith v. State*, supra.)

The judgment is affirmed.