No. 44,935

August C. Hensley, *Appellant,* v. The State of Kansas, *Appellee.*

(433 P. 2d 344)

Opinion filed November 13, 1967.

*Forrest E. Short,* of Fort Scott, argued the cause, and *Joel B. Short,* of Fort Scott, was with him on the brief for the appellant.

*Charles M. Warren,* county attorney, argued the cause, and *Robert C. Londerholm,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

Harman, C.: This is an appeal from an order denying postconviction relief.

Appellant-petitioner, upon his plea of guilty, was convicted July 2, 1951, of the crime of bank robbery, and received the statutory sentence (G. S. 1949 [now K. S. A.] 21-531). Still confined in the penitentiary under this sentence, he filed in the sentencing court his motion to vacate the judgment pursuant to K. S. A. 60-1507.

In his motion, filed *pro se* on a printed form as prescribed in the appendix to Rule No. 121 of this court, appellant stated in paragraph 10 as grounds for attacking his sentence that (a) he did not have the assistance of counsel at all stages of the criminal proceedings and (b) his plea of guilty was coerced in that he was not advised of his legal right to remain silent. These grounds were amplified in an argument made a part of the motion, as hereinafter related. In paragraph 11 of the motion, still following the prescribed form, wherein the facts supporting each ground set out in paragraph 10 are to be stated and the names of witnesses or other evidence relied upon are to be listed, appellant stated he relied upon the transcript of the justice of peace and the journal entry of judgment of his conviction. Noteworthy is the fact appellant named no witness upon whom he intended to rely in support of his application.

The trial judge, successor in office to the sentencing judge, on May 9, 1966, without appointment of counsel or plenary hearing,

denied relief. In his consideration of the motion the trial judge had before him both documents relied upon by appellant as evidence.

The transcript of the justice of the peace, who acted as examining magistrate, disclosed the following: A complaint was filed in that court June 29, 1951, by the then county attorney of Bourbon county charging appellant with the armed robbery of the Bank of Bronson, Bronson, Kansas, on June 28, 1951. Warrant for appellant was issued, executed and returned June 29, 1951. Appellant was "arraigned" in the magistrate court June 29, 1951, he "entered a plea of not guilty as charged in the complaint and waived his preliminary hearing." The magistrate found that the offense of bank robbery had been committed, that there were probable grounds to believe appellant committed the offense charged, and he bound appellant over to the district court of Bourbon county for trial, committing him to jail in default of the bail fixed.

On the same day, June 29, 1951, the Bourbon county attorney filed in the district court an information charging appellant with the same offense.

The journal entry of judgment of appellant's conviction disclosed the following: Appellant appeared in person before the district court of Bourbon county on June 29, 1951. He was then "formally arraigned" and the information was read to him. In response to inquiry by the court appellant stated he did not have counsel and had no money to employ an attorney. The court then appointed Fred W. Bayless, a practicing attorney of Fort Scott, Kansas, as attorney to represent appellant. On July 2, 1951, appellant again appeared before the district court, accompanied by his court-appointed attorney. The journal entry then recited:

"WHEREUPON, the said defendant, August C. Hensley was questioned by the Court as to whether or not that he had conferred with his attorney, Fred W. Bayless and whether or not he was ready to plead to the Information filed in said above entitled action and the said defendant, August C. Hensley having informed the Court that he had conferred with his attorney and was ready to plead to the Information, the Court caused the defendant to stand and inquired of him as how he pled to the Information filed in said above entitled action."

Appellant thereupon pleaded guilty, he was afforded the right to allocution and was sentenced.

As elaborated by his argument accompanying his motion, appellant's principal contention to the trial court was that he had no counsel at his preliminary examination. The trial court, in accord

with oft-repeated authority, correctly ruled an accused has no constitutional right to appointed counsel at preliminary examination and that failure to provide an accused such counsel does not constitute error in the absence of prejudice to his substantial rights, and the court further ruled no prejudice was shown. Although the magistrate had no power to entertain a formal plea to the complaint as was done, and the action with regard thereto was a nullity, the plea entered was one of not guilty and no prejudice resulted from the irregularity.

Appellant expands his argument as to his right to counsel to encompass the accusatory stage made famous by the names *Escobedo* and *Miranda*. The doctrine of those cases, decided in 1964 and 1966, will not be retroactively applied to a prior Kansas conviction (*Addington v. State,* 198 Kan. 228, 424 P. 2d 871).

Appellant further contends his plea of guilty was coerced because at the time he entered it he was not advised of his right to remain silent (stand mute) when called upon to plead. In *Allen v. State,* 199 Kan. 147, 427 P. 2d 598, we stated:

"In a 60-1507 proceeding, in the absence of evidence other than petitioner's uncorroborated statements, it must be assumed that counsel fairly and fully advised him of his rights. . . ." (Syl. ¶2.)

Assuming appellant was not so advised and that he was not otherwise aware he could stand mute, the validity of the proceedings is in nowise affected. We know of no requirement, statutory or otherwise, that a court must advise an accused about to be arraigned that he may refuse to answer or plead particularly where the accused is represented by counsel (see *Crabtree v. Boles,* 229 F. Supp. 427, affirmed 339 F. 2d 22). K. S. A. (formerly G. S. 1949) 62-1305, provides:

"When any person shall be arraigned upon any indictment or information, it shall not be necessary to ask him how he will be tried; and if he deny the charge in any form, or require a trial, or if he refuse to plead or answer, and in all cases when he does not confess the indictment or information to be true, a plea of not guilty shall be entered, and the same proceedings shall be had in all respects as if he had formally pleaded not guilty."

Standing mute, with certain exceptions not here material, is thus consequentially equivalent to pleading not guilty. Appellant could have pleaded not guilty and he does not contend otherwise. Instead, he pleaded guilty. Conceding an inherent privilege to stand mute, he could not possibly be prejudiced on the basis asserted here—

coerced plea of guilty—by lack of knowledge as to such right; his contention of compulsion based on any such lack is frivolous.

This disposes of the complaints made before the trial court and hence properly before this court on appeal, and the opinion might well end here.

However, appellant has sought upon appeal to include additional grounds for relief not presented to the trial court. If these matters were properly before us for review—and they are not—relief could not be granted. Upon the showing made, the sentencing court did not err in not extending appellant another preliminary examination after he had waived that right. Nor did it err, as belatedly alleged, in not allowing appellant more time to confer with counsel appointed for him on Friday, June 29, 1951, prior to his arraignment and sentencing Monday, July 2, 1951. As already related, the record affirmatively reveals the sentencing court specifically inquired into this subject prior to the plea and sentencing, and wholly refutes any contention of insufficient time.

As stated in *Thompson v. State*, 197 Kan. 630, 419 P. 2d 891:

"A judgment of conviction of crime carries with it a presumption of regularity, and where one convicted of a crime attacks such a judgment pursuant to K. S. A. 60-1507, on the ground that his constitutional rights were violated, he has the burden of proof to establish such fact by a preponderance of the evidence, and such burden is not sustained by unsupported and uncorroborated statements by the plaintiff." (Syl. ¶2.)

Judgment affirmed.

APPROVED BY THE COURT.