No. 45,140

JAMES G. PERRY, *Appellant,* v. THE STATE OF KANSAS, *Appellee.*

(438 P. 2d 83)

Opinion filed March 9, 1968.

*Douglas D. Johnson,* of Wichita, argued the cause, and was on the brief for appellant.

*R. K. Hollingsworth,* Deputy County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, and *Keith Sanborn,* County Attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, J.: This is an appeal from an order denying the appellant's motion to vacate the sentence imposed on June 1, 1965, upon the district court's finding that "the files and records of Case No. CR 1749-65 of this Court, captioned The State of Kansas, plaintiff, vs. James Gilbert Perry, defendant . . . conclusively show that Movant is entitled to no relief, and that said Motion should be overruled." (K. S. A. 60-1507.)

The threshold question is whether the appellant's motion presented substantial questions of law or triable issues of fact which would require the district court to cause notice to be served upon the county attorney and to grant a prompt hearing upon the motion. (60-1507 [b].)

The background of this matter is briefly summarized: On February 23, 1965, a written complaint was filed in the Court of Common Pleas of Sedgwick County, charging the appellant with two

counts of robbery in the first degree, alleged to have been committed on February 20, and February 21, 1965, in Wichita, Kansas. Counsel was appointed to represent the appellant at the preliminary examination. On March 29, 1965, he appeared before the Court of Common Pleas with retained counsel and waived his right to a preliminary examination on both counts of robbery in the first degree. On that date he was bound over to the district court for trial at the next regular term on the charges alleged against him.

Shortly thereafter an information was filed in the district court charging the appellant with two counts of robbery in the first degree. Counsel was appointed to represent the appellant in the district court, who conferred with the appellant several times.

On June 1, 1965, the appellant appeared in the district court in person and with his counsel. The state dismissed count 2 of the information and the appellant waived arraignment and the formal reading of the information charging him in count 1 with first degree robbery.

Thereupon the district court fully explained to the appellant the exact nature of the charge pending against him and that the information charged him with the commission of robbery in the first degree. The district court then inquired of him, "[h]ow do you plead"? and the appellant answered, "[g]uilty." The court then inquired of the appellant whether he was "[p]leading guilty because you are guilty"? and the appellant answered, "[t]hat's right." The court then inquired, "[d]o you know of any legal reason why the court should not pronounce sentence at this time?" Counsel for appellant, Mr. Wall, replied, "[n]o, Your Honor."

Thereafter, and upon the appellant's plea of guilty, the court imposed sentence upon the appellant that he be confined in the Kansas State Penitentiary for a period of not less than ten nor more than twenty-one years upon conviction of the charge of first degree robbery as defined in K. S. A. 21-527, the sentence being imposed pursuant to K. S. A. 21-530.

Counsel then moved the court that the appellant be granted probation, and stated, "I have had several conversations with him (the appellant) and he stated to me that this is the first time he has ever done such a thing as this. He has previous counts (convictions) of forgery. He would like to have the mercy of the court. He said even if he received a life sentence, he still wouldn't be back to see you." The court denied the request for probation.

The appellant filed no motion for a new trial, nor did he perfect an appeal to this court from his conviction.

On October 20, 1966, the appellant filed the motion out of which this appeal arises. He stated that his grounds were: (I) "Interrogation of coercion"; (II) "Lineup and interrogation"; (III) "Complaint, Warrant, Information"; (IV) "Matters of not having evidentiary hearing, preliminary hearing"; (V) "Matters of trial proceedings" and (VI) "Inadequate counsel."

The appellant's motion did not list the names of any witnesses, nor did it contain other evidence to prove any of his alleged grounds. However, attached to his motion was a lengthy explanation of each of the grounds listed, liberally interspersed with legal citations. Summarized, he complains of illegal interrogation in lineup, defective complaint and warrant, lack of preliminary examination, defective information, invalid waiver of jury trial, conviction of felony without evidentiary hearing, collusion between court and counsel, coerced plea, and inadequate representation by counsel.

As indicated, the court summarily overruled the motion, finding that the records and files of the appellant's case in the district court conclusively show he was entitled to no relief.

The appellant contends in his brief that his allegations that he was induced to plead guilty by an illegal confession and fear of being sentenced under the Habitual Criminal Act raises substantial questions of fact which require an evidentiary hearing. We do not agree.

This court has reiterated countless times, in fact, so many that it is unnecessary to cite authority, that once a plea of guilty has been voluntarily entered by a defendant in a criminal action there is no need to introduce any evidence to maintain a conviction, and that a defendant's voluntary plea of guilty in a criminal case is a confession of guilt of the crime charged and of every fact alleged in the charge, and that, legally speaking, it is the most formal and binding confession possible for him to make.

The appellant intimates that sometime following his arrest he was interrogated and incriminating statements elicited from him. The suggestion is completely unsupported by the record. Assuming, *arguendo*, incriminating statements were obtained by police officers, they were never offered or used against him. Instead the state dismissed count 2 of the information and the appellant entered a plea

of guilty instead of standing trial. Whether the statements would have been admissible had they been offered in evidence at the trial is entirely irrelevant. Moreover, had the appellant desired to contest the voluntary character of his confession, he was required to do so by pleading not guilty and then raising the point upon the trial; he may not enter a voluntary plea of guilty and then later, perhaps at a time when the prosecution is unable to prove its case, assert this alleged constitutional violation. The question whether the confession was illegally obtained was waived by his plea of guilty.

It is the law of this jurisdiction that where an accused appears in open court with his counsel and freely and understandingly enters a plea of guilty with full knowledge of the consequences of such plea, the requirements of the Fourteenth Amendment to the Constitution of the United States, making obligatory the provisions of the Sixth Amendment to the Constitution upon the states, have been fully complied with and the application under 60-1507 for post-conviction relief will be denied. (*State v. Burnett*, 194 Kan. 645, 400 P. 2d 971; *Call v. State*, 195 Kan. 688, 408 P. 2d 668, cert. den. 384 U. S. 957, 16 L. Ed. 2d 552, 86 S. Ct. 1581; *State v. Dobney*, 199 Kan. 449, 429 P. 2d 928; *Allen v. State*, 199 Kan. 147, 427 P. 2d 598; *Carter v. State*, 199 Kan. 290, 428 P. 2d 758; *Toland v. State*, 200 Kan. 184, 434 P. 2d 550; *Hensley v. State*, 199 Kan. 728, 433 P. 2d 344; *Redd v. State*, 199 Kan. 431, 429 P. 2d 925; *Fairbanks v. State*, 199 Kan. 501, 430 P. 2d 293; *Lieser v. State*, 199 Kan. 503, 430 P. 2d 243.)

Lastly, the appellant complains of inadequacy of counsel and that he was coerced into pleading guilty as a result of the possibility of being sentenced under the Habitual Criminal Act. As indicated, the appellant was originally charged in the information with two counts of robbery in the first degree. Following the appointment of counsel, the district court deferred arraignment of the appellant until June 1, 1965. During that time, counsel conferred with appellant several times and we assume he also conferred with the county attorney. While the record does not so expressly indicate, it is evident to us that because of counsel's diligent representation of the appellant, count 2 of the information was dismissed, and the appellant was not sentenced under the Habitual Criminal Act. Instead, he was sentenced to the statutory period for conviction of robbery in the first degree as set forth in K. S. A. 21-530. There

is absolutely nothing to sustain the appellant's charge of inadequate representation of counsel or that he was induced to plead guilty as a result of the possibility that he might be sentenced under the Habitual Criminal Act. See *Fields v. State,* 195 Kan. 718, 408 P. 2d 674, and *McCall v. State,* 196 Kan. 411, 411 P. 2d 647.

Frankly, this appeal has no merit. It is to be regretted that it ever consumed the time and encumbered the records of this court. The judgment of the district court is affirmed.