45,690

MARVIN ELDON DAUGHERTY, *Appellant*, v. STATE OF KANSAS, *Appellee*.

(464 P. 2d 221)

Opinion filed January 24, 1970.

*Paul W. Clark,* of Wichita, argued the cause and was on the brief for appellant.

*James Z. Hernandez,* Deputy County Attorney, argued the cause and *Kent Frizzell,* Attorney General, and *Keith Sanborn,* County Attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

FROMME, J.: Marvin Eldon Daugherty pled guilty to first degree robbery in the district court in Sedgwick county. Counsel was appointed to assist him in those proceedings and was present during arraignment, plea and sentencing. After inquiring fully into the facts surrounding the case the judge accepted the plea and sentenced the defendant to the penitentiary at Lansing, Kansas, to be confined for a period of not less than ten years nor more than twenty-one years. (K. S. A. 21-527, 21-530.)

After serving nine months Mr. Daugherty filed proceedings under K. S. A. 60-1507 attacking the sentence. The district court in Sedgwick county examined the records and files in the original case and in a summary proceeding found movant entitled to no relief. Complete findings were made by the court based upon the records and files in the original case.

Mr. Daugherty perfected the present appeal from the order denying relief on his motion. Counsel was appointed to assist in presenting the appeal.

Appellant set forth in his motion three reasons for vacating his sentence. We will consider these three contentions.

After appellant committed the robbery in Sedgwick county he was picked up in Pueblo, Colorado, and held for the Kansas authorities. He stated in his motion to vacate sentence that he was illegally questioned in Colorado while he was under the influence of narcotics and under medical treatment for an infection. The record does not disclose the use of any such statements or admissions.

The trial court found the plea of guilty in Sedgwick county was entirely voluntary and no statements or admissions made in Colorado were used as evidence against him in Kansas. The finding was fully supported by the record covering his arraignment, plea and sentencing.

The appellant cannot complain of statements or admissions made by him which were not used as evidence against him in the trial court. (*Fields v. State,* 195 Kan. 718, 408 P. 2d 674.)

Appellant complained in his motion that he was allowed to enter the courtroom at one time without an attorney to represent him. The transcript of proceedings shows he was bound over to the district court after a preliminary hearing. When he was brought before the court counsel was appointed to represent him and thereafter was present at arraignment, plea and sentence. This point was not briefed or argued on appeal and, as expressed in *King v. State,* 200 Kan. 461, 464, 436 P. 2d 855, we therefore assume this point has been abandoned, as well it might be, in view of the record.

Appellant's final contention is that the trial court erroneously made his sentence to "run concurrently with any other existing sentences which the defendant may be serving and concurrently with any parole revocation which may hereafter be imposed". (See K. S. A. 62-1512.)

The record discloses appellant was on parole from a federal felony conviction when he committed the robbery in Sedgwick county. Prior to sentence the appellant by his court appointed attorney informed the court of these facts and requested the sentence be made to run concurrently.

Parole and sentencing procedures of a federal court cannot be controlled by state courts. (18 U. S. C. A. § 3231, District Courts.) In the present case the term specified by the sentencing court was proper under our statutes. (K. S. A. 21-527 and 530.) The provision in the journal entry specifying the sentence to run concur-

rently with other sentences not specified or capable of designation was surplusage which would not vitiate the term of the sentence specified by the sentencing court. This technical error was invited by the appellant.

One who by his own act invites technical error by a court cannot complain of it or take advantage of the ruling. (*State v. Cantrell,* 201 Kan. 182, 187, 440 P. 2d 580.)

After appellant was sentenced on the robbery charge the federal authorities lodged a detainer against him. The thrust of the 1507 proceeding was to urge appellant's release to federal authorities. However, the detainer has now been lifted and a deletion of the provision for concurrent terms would have no effect on appellant's present sentence. The question raised is moot and this court will not consider abstract questions which cannot have effect on the rights of the parties. (*Taylor v. State,* 198 Kan. 648, 426 P. 2d 159.)

The trial court's findings are fully supported by the record before us. The court did not err in refusing an evidentiary hearing. In proceedings under K. S. A. 60-1507 when the files and records of the sentencing court conclusively show the movant is entitled to no relief it is not error to conclude the proceedings by summary hearing in the absence of the movant and without appointing counsel to represent him. (*Hensley v. State,* 199 Kan. 728, 433 P. 2d 344; *Perry v. State,* 200 Kan. 690, 438 P. 2d 83.)

The judgment is affirmed.