NOT DESIGNATED FOR PUBLICATION

No. 119,029

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ALLEN DALE SMITH,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Douglas District Court; JAMES R. MCCABRIA, judge. Opinion filed April 19, 2019. Affirmed.

*Joshua D. Seiden*, of Seiden Law Office, P.A., of Lawrence, for appellant.

*Kate Duncan Butler*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., SCHROEDER, J., and STUTZMAN, S.J.

PER CURIAM: Allen Dale Smith appeals the trial court's denial of his K.S.A. 60-1507 motion following a nonevidentiary hearing. Smith argues that the trial court should have held an evidentiary hearing on his motion where he could develop his contention that the State suborned perjury from its key witness. The State's key witness was also Smith's accomplice in his underlying crimes of felony murder and burglary. Because his arguments are unpersuasive, we affirm.

1

As explained in *State v. Smith*, 296 Kan. 111, 293 P.3d 669 (2012), Smith and his accomplice, Leonard Price, burglarized several houses in 2005. While burglarizing the house of Clarence Boose, Smith and Price shot and killed Boose. 296 Kan. at 114. During Smith's jury trial for the Boose murder and burglary, Price was the State's key witness against Smith. 296 Kan. at 116. Price had pled guilty to felony murder and agreed to testify on the State's behalf. 296 Kan. at 116. Indeed, Price testified against Smith at Smith's preliminary hearing, K.S.A. 60-455 motion hearing, first trial, which ended in a hung jury, and retrial, where the jury convicted Smith of both felony murder and burglary. 296 Kan. at 122. Our Supreme Court affirmed Smith's convictions in his direct appeal. 296 Kan. at 136.

After our Supreme Court affirmed his convictions, Smith moved for relief under K.S.A. 60-1507. In his K.S.A. 60-1507 motion, Smith argued that the State "knowingly and intentionally allowed perjured testimony" from Price into evidence. Smith cited specific excerpts of Price's testimony at his preliminary hearing, K.S.A. 60-455 motion hearing, first trial, and second trial where he believed that Price committed perjury. He pointed to Price's testimony about a phone call where he and Smith planned the Boose burglary the morning of the burglary. Smith alleged that no such phone call occurred. Smith emphasized that when the police searched his and Price's phones, the police found no evidence of a phone call between them the day of the Boose burglary and murder. Smith argued that Price's suborned perjury violated his due process rights, entitling him to a new trial.

The State responded that the trial court should summarily dismiss Smith's motion because his argument was a trial error, his argument was conclusory, and his argument was otherwise unsupported by the record. Moreover, the State stressed that Smith's argument about it suborning perjured testimony ignored the following facts: (1) that Smith cross-examined Price about his cell phone use at trial; (2) that he and Price admitted to using burner phones the police did not recover; and (3) that another person

2

admitted to deleting information on Smith's cell phone to protect Smith before his arrest. For this reason, the State argued that it could not have violated Smith's due process rights.

The trial court held a nonevidentiary hearing on Smith's motion. At the hearing, Smith's attorney argued that the trial court should not summarily deny Smith's motion because "if [his] client [could] prove there's perjured testimony with . . . the addition of further discovery or with the addition of one hearing, then he's entitled to some relief." Smith's attorney stated that the information that Smith did not "know [was] what the State knew at the time of the trial, . . . at the time of the mistrial [*sic*] and at the time of the preliminary hearing."

When pressed by the trial court if Smith's argument was that the State knew that Price might "say things that [were] untrue under oath" or if "the State entered into some agreement with Mr. Price to make [statements about the phone call]," Smith's attorney admitted that "[t]he latter [was] not necessarily the truth." When asked if Smith was asserting that the State was "suborn[ing] perjury," Smith's attorney stated that suborning perjury was "a bit harsh." Instead, Smith's attorney explained that Smith's argument was that the State "knew and should have corrected the mis—the perjured testimony, either prior to testifying or afterward." Smith's attorney suggested that the State should have introduced the phone records showing that Price's testimony was inaccurate.

The trial court then asked the State if it had introduced the phone records between Smith and Price. The State confirmed that it had introduced the phone records between Smith and Price during Smith's trials. The records established that no phone call occurred during the time Price suggested on the phones the police recovered. The State also noted that Smith's trial attorney impeached Price about the phone records during each hearing that he testified.

3

Smith's K.S.A. 60-1507 attorney responded that Smith sought an evidentiary hearing "to determine whether the State actually knew [Price] was going to say something that wasn't true [about the phone calls] and whether [the State] had coached [Price] . . . ." Smith's attorney also alleged that Price's testimony that they planned the burglary damaged Smith's alibi defense of babysitting during the Boose burglary and murder.

At the end of the hearing, the trial court took the parties' arguments under advisement. Ultimately, the trial court denied Smith's arguments without holding an evidentiary hearing.

Although the trial court expressed serious doubt as to whether Smith had established what he maintained that Price had said, the trial court, for the present purposes only, assumed that Price "intentionally stat[ed] that the call occurred but that he knew that was a false statement." Under this assumption, the trial court found that there was no evidence that the prosecution knowingly solicited perjured testimony from Price. To begin with, the trial court found that the State produced the phone records contradicting Price's testimony: "The State produced all the information they had relevant to any phone records, including the contradictory/exculpatory evidence set forth in the phone records showing an absence of any calls during the time that Price testified he spoke to Mr. Smith." The trial court further found that Smith impeached Price with the phone records when he testified about the phone call during trial. Based on the preceding, the trial court concluded (1) that Price's testimony about the phone call benefited Smith at trial because it "opened [Price] up to having his credibility questioned in such an overt fashion" and (2) that Smith's trial attorney effectively handled Price's testimony about the phone call planning the Boose burglary.

Next, the trial court provided its reasons for denying Smith's K.S.A. 60-1507 motion without an evidentiary hearing. First, the trial court explained:

4

"Other than observing that Price repeated this testimony at every opportunity starting with the preliminary hearing, even Mr. Smith doesn't reference specific facts that would support a claim that the State encouraged or solicited Price to make those statements. A movant must make more than conclusory contentions, he or she must provide evidence or evidence must be apparent in the record to support the claim. [Citation omitted.]"

Second, the trial court interpreted Smith's attorney's statements at the nonevidentiary hearing as abandoning the suborning perjury claim:

"[W]ith Mr. Smith present, his counsel was asked by the Court whether he believed there was a claim that some agent of the State suborned perjury from Mr. Price. To his credit, in the face of the evidence of full disclosure of the phone records being put before the jury through State witnesses, counsel indicated that no such claim was being made. With that unsupported claim off the table, the Court finds no possible benefit in proceeding to an evidentiary hearing on this aspect of Mr. Smith's motion. All of the facts necessary to show that the statements were inaccurate and/or perjured were established by the time this matter went to trial."

Third, the trial court ruled that the "issues Mr. Smith [sought] to raise in his motion could have been raised as a matter of direct appeal. None of the evidence is new. As such, the Court concludes as a matter of law that it is prevented from considering the matters on the basis of res judicata."

*Did the Trial Court Err by Denying Smith's K.S.A. 60-1507 Motion Without an Evidentiary Hearing?*

An appellate court exercises de novo review when considering the denial of a K.S.A. 60-1507 motion after the trial court conducts a nonevidentiary hearing. This is because an appellate court is in the same position as the trial court to review the K.S.A. 60-1507 motion. *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014).

5

On appeal, Smith argues that he is entitled to an evidentiary hearing on his K.S.A. 60-1507 motion. Smith complains that the trial court denied his request for an evidentiary hearing because his K.S.A. 60-1507 attorney abandoned his argument that the State suborned perjury from Price about the phone call setting up the Boose burglary. He contends that his attorney did not abandon his perjury claim. Instead, his attorney "could not say for certain whether the testimony had indeed been perjured." According to Smith, the fact he did not know whether Price had perjured testimony on behalf of the State establishes that he was entitled to an evidentiary hearing. Smith also asserts that his perjury argument is not conclusory.

The State responds that the trial court properly denied Smith's motion "for a variety of reasons." Furthermore, the State counters that Smith's K.S.A. 60-1507 attorney amended Smith's argument about perjury at the nonevidentiary hearing because Smith's attorney stated "that the claim revolved not around the State suborning false testimony but rather the State's failure to notice and correct Price's alleged lie."

As considered in the facts section, when questioned by the trial court to clarify if Smith's argument was that the State suborned perjury from Price, Smith's attorney suggested that this was not Smith's argument. Instead, Smith's attorney stated that Smith's argument was whether the State "knew and should have corrected the mis—the perjured testimony, either prior to testifying or afterward." Yet, later, Smith's attorney seemed to go back on his earlier interpretation of Smith's argument when he told the trial court that if Smith received an evidentiary hearing he would ask the State "whether [the State] had coached [Price] . . . ."

In short, Smith's attorney provided the trial court with contradictory answers about if Smith believed that the State suborned perjury. Because Smith's attorney provided contradictory answers, Smith cannot complain that the trial court believed that Smith

6

abandoned his argument. When a party has invited error, that party cannot complain about that error on appeal. *Daugherty v. State*, 204 Kan. 604, 606, 464 P.2d 221 (1970) (applying doctrine of invited error in a K.S.A. 60-1507 appeal).

Notwithstanding the preceding, the State correctly argues that the trial court denied Smith's K.S.A. 60-1507 motion without holding an evidentiary hearing for other reasons as well. Under K.S.A. 60-1507(b), the trial court must hold an evidentiary hearing unless the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. "'A movant has the burden to prove his or her K.S.A. 60-1507 motion warrants an evidentiary hearing; the movant must make more than conclusory contentions and must state an evidentiary basis in support of the claims or an evidentiary basis must appear in the record.' [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

Moreover, a movant is not entitled to an evidentiary hearing when raising mere trial errors:

> "A proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal." Supreme Court Rule 183(c)(3) (2019 Kan. S. Ct. R. 229).

Here, Smith provides no evidentiary basis in support for his argument that the State suborned perjury from Price. Smith seemingly contends that because Price received "an incentive to testify," he suborned perjury on the State's behalf. Smith also seems to assert that his perjury argument was not conclusory because Price's "testimony changed to conform to the State's narrative." But both of Smith's arguments are flawed.

7

To begin with, at his second trial, Price did testify that the State dismissed his Boose burglary charge. But he also testified that the State did not make him any promises about sentencing for his felony-murder conviction. Even if the State's dismissal of Price's burglary charge constituted an incentive, Smith provides no evidence that the State bribed Price to testify that he and Smith made a phone call to set up the Boose burglary. Smith's contention that the State suborned perjury by offering Price this incentive is pure speculation.

Next, Smith provides no evidentiary basis to support that the State induced Price to create testimony about the phone call, or to change testimony about the phone call, to conform to its narrative. First, in his brief, Smith does not explain how Price's testimony changed to conform the State's narrative. Thus, he has abandoned this argument. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (holding that issues not adequately briefed are deemed waived and abandoned). Even if this court were to ignore this problem, it is clear Smith's argument is incorrect.

At his evidentiary hearing, Smith directly explained to the trial court what he meant by Price changing his testimony to conform to the State's case. Smith explained how Price did not testify that they had many cell phones until his first trial. Smith explained how originally Price testified that he did not know what time he called him on the cell phone, but he later testified that he knew what time he contacted him on the cell phone.

Simply put, Price's changes in testimony in no way support that the State was directing Price to commit perjury. Again, Smith's argument is speculative. As explained by the trial court when denying Smith's motion, it is far more likely that Price's narrative changed because Smith and Price were in an "ongoing criminal enterprise" and Price confused setting up the Boose burglary with one of the many other burglaries he and

8

Smith committed in 2005. As a result, it is readily apparent that Smith's arguments are conclusory.

Moreover, Smith's perjury argument involves only trial errors. Smith complains about how Price testified at his preliminary hearing, K.S.A. 60-455 motion hearing, first trial, and second trial. Smith never asserts he recently learned of information about the State inducing Price to perjure himself. Accordingly, whatever evidence supports Smith's claim existed when Smith filed his direct appeal.

Finally, Price testified that he and Smith used burner phones which the police did not recover. Moreover, evidence was admitted that another person deleted information on Smith's cell phone to protect him before his arrest. So, all the phone records between Smith and Price were not recovered by the police. Because all the phones that Smith and Price used were never recovered, this does not exhaust a possibility that Smith and Price had a phone conversation about burglarizing Boose's home on a phone that was never recovered. Thus, Smith's evidentiary hearing argument is fatally flawed.

Furthermore, although Smith has alleged that the State violated his due process rights, in his brief, Smith has not asserted that there are any exceptional circumstances allowing him to raise his perjury argument in his K.S.A. 60-1507 motion. By failing to argue exceptional circumstances, Smith has abandoned his ability to raise his trial error argument in the context of a K.S.A. 60-1507 motion. See *Nguyen v. State*, 309 Kan. 96, 108, 431 P.3d 862 (2018) (holding that an issue not briefed by an appellant is deemed waived and abandoned).

For the preceding reasons, we affirm the trial court's denial of Smith's K.S.A. 60-1507 motion without an evidentiary hearing.

Affirmed.