No. 44,087

Roy Ramsey, *Appellant*, v. The State of Kansas, *Appellee.*

(399 P. 2d 881)

March 6, 1965.                                          Opinion filed

*Karl K. Grotheer,* of Pittsburg, argued the cause and was on the brief for the appellant.

*Keeth R. Jones,* County Attorney, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: This is an appeal from an order dening a motion to vacate a judgment of conviction and sentence imposed thereunder.

The action arises under the provisions of K. S. A. 60-1507.

On October 16, 1948, in the district court of Crawford county Roy Ramsey was, on his plea of guilty, convicted of the offense of murder in the first degree. He was sentenced to confinement in the state penitentiary for life (K. S. A. 21-403).

On two previous occasions Ramsey sought his release by habeas corpus proceedings in the district court of Leavenworth county.

In *Ramsey v. Hand,* 183 Kan. 307, 327 P. 2d 1080 (July 7, 1958) it was contended that the district court of Crawford county had no jurisdiction to accept his plea of guilty because he had not been afforded a preliminary examination; that the information filed against him did not have endorsed thereon the names of witnesses for the state; that others also were charged in the information, but that he was the only one tried; that the journal entry of conviction did not recite applicable statutes, and that he was not served with a copy of the information 48 hours prior to trial, as provided by law. Each of these contentions was found to be without merit and re-

jected, and what was there said and held is by reference incorporated herein.

In *Ramsey v. Hand*, 185 Kan. 350, 343 P. 2d 225 (August 3, 1959) (cert. den. 362 U. S. 970, 4 L. ed. 2d 901, 80 S. Ct. 956, May 2, 1960), the primary question was whether the district court of Crawford county was without jurisdiction to accept Ramsey's plea of guilty because of the alleged failure of the court to find that appointment of counsel over his objection would not have been to his advantage, as provided by G. S. 1947 Supp., 62-1304—which, so far as here material, corresponds to K. S. A. 62-1304. In holding that the contention was without merit this court set out and discussed in detail the proceedings had in the district court. What was there said and held will not be repeated here, but by reference is incorporated herein.

K. S. A. 60-1507 became effective on January 1, 1964. As material for the purpose of the action now before us, it provides:

"(*a*) *Motion attacking sentence.* A prisoner in custody under sentence of a court of general jurisdiction claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or the constitution or laws of the state of Kansas, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may at any time move the court which imposed the sentence to vacate, set aside or correct the sentence."

On January 14, 1964, while still confined in the penitentiary under the sentence of life imprisonment imposed on October 16, 1948, Ramsey, pursuant to the above quoted section of 60-1507, filed in the district court of Crawford county a "Motion to Vacate Judgment and Sentence." This motion alleged that (1) his plea of guilty was induced, made and entered as a direct result of misrepresentation as to the due and probable consequences thereof; (2) the district court was without competent jurisdiction to accept the plea of guilty or to proceed to a final judgment thereon; (3) the statement obtained from him was obtained by coercion through fraud, misrepresentations and threats; (4) he was without counsel at each and every stage of the proceedings against him; (5) he was never arraigned and neither did he have a preliminary examination, and (6) his rights under the 5th, 6th and 14th amendments to the Constitution of the United States were violated.

Although a proceeding under K. S. A. 60-1507 is an inquiry as to the validity of a sentence imposed in a prior criminal prosecution,

it is a part of the new code of civil procedure. Under Rule No. 121 (*a*) of this court it is denominated an independent civil action, to be separately docketed, and, insofar as applicable, rules of civil procedure govern. In a technical sense, therefore, one seeking relief under the statute is a "plaintiff." So, although Ramsey was the "defendant" in the 1948 criminal prosecution and was the "petitioner" in the two habeas corpus proceedings, he will throughout the remainder of this opinion be referred to as plaintiff.

Pursuant to the filing of the above motion the district court of Crawford county appointed Karl K. Grotheer, a member of the Crawford county bar, to represent plaintiff. A hearing was held on June 30, 1964, at which plaintiff was present in person and by counsel.

In substance, plaintiff testified that when the murder charge was pending against him in 1948 his right to a preliminary examination was not explained to him and he was not afforded such examination; he was not asked whether he wanted counsel until after he had signed a statement; he was not furnished a copy of the information prior to arraignment and that at the time he could not read and write; the county attorney promised him that if he pleaded guilty he would not have to serve more than 7 years on a life sentence and that on the strength of such promise he entered a plea; he was threatened with "hanging" unless he pleaded guilty, and that if he pleaded guilty charges of burglary and robbery pending in Douglas county against his wife would be dropped.

Plaintiff called as a witness an attorney of Crawford county who was the assistant county attorney at the time of the 1948 murder prosecution. He testified that during conversations with plaintiff it had been explained to him that statistics showed that the average person sentenced to life imprisonment on a first degree murder charge served approximately 10 years and that possibly with good behavior such a prisoner could be expected to serve between 7 and 10 years. It was his oponion that plaintiff was influenced by these statements relating to the length of time he probably would have to serve and he rather doubted that plaintiff would have pleaded guilty had such statements not been made. He made it clear, however, that he and the other officers were merely relating "statistics" to plaintiff and that no promise of confinement for only 7 to 10 years was ever made.

The state offered no evidence, but requested that the court take

judicial notice of the records of the 1948 criminal prosecution and of the two habeas corpus proceedings heretofore mentioned.

The matter was taken under advisement, and on July 24, 1964, the court rendered judgment denying plaintiff's motion for relief. The court made findings and conclusions, the substance of which was that plaintiff was not indigent at the time of his arrest and trial and was financially able to retain counsel; that counsel was in fact retained by him when he was apprehended in the state of Missouri and that no request was made by him for counsel or for additional time to retain counsel of his own choosing prior to signing the written waiver of counsel and entering his plea of guilty; that the court had jurisdiction to accept the plea of guilty as fully set forth in the second of the two habeas corpus proceedings above cited; that plaintiff waived his right to a preliminary examination and no available defenses were lost at such stage of the proceedings and none of his constitutional rights were denied; that plaintiff's contention that his plea of guilty was obtained through fraud, misrepresentations and threats was wholly uncorroborated by any other testimony and that the burden of proving such allegations rested with plaintiff; that the statement by offcials as to the probable length of time plaintiff or any other prisoner would be forced to serve on a life sentence was purely "statistical" and it had not been established that such statement was in fact false, that it was not made in bad faith for the purpose of inducing a plea of guilty and did not constitute a promise of leniency which could have induced a plea of guilty; and that plaintiff's contention that he was not arraigned and did not have a preliminary examination was fully answered by this court in the first of the two habeas corpus proceedings above cited.

Plaintiff has appealed from the judgment denying relief and relies upon a number of points—several of which may be said to overlap. In substance, it is contended that on the basis of the entire record there was substantial evidence to support findings by the trial court that plaintiff was indigent and was, in fact, denied counsel notwithstanding his written waiver thereof, that he did not have the time or opportunity to employ counsel, that his written waiver of counsel was obtained by duress and that it was not intelligently and understandingly made; that plaintiff was not effectively advised of his right to remain silent before being questioned by the officers and before making a statement of guilt; that such statement taken from plaintiff was improperly admitted, and that the trial judge failed to make proper inquiry as to whether it had

been freely and understandingly made; that the trial court erred in not taking into consideration the entire record of the original proceedings and of the entire record in support of the motion to vacate, and in failing to find that plaintiff's constitutional rights were denied to him.

Although variously stated, it will be seen that plaintiff's contentions center around the fact that he was not represented by counsel and that his plea of guilty was entered as the result of coercion and misrepresentations on the part of the officers.

We believe that resort to the record in this case completely refutes plaintiff's contentions and that none of them can be sustained.

Plaintiff, together with two others, was charged with the killing in this case while attempting to perpetrate a burglary, robbery and larceny of a jewelry store. He was apprehended in the state of Missouri, and, although represented by employed counsel, unsuccessfully resisted extradition to Kansas. He and his wife had about $790 at the time. He was 33 years of age, understood the English language, and could read and write. His right to counsel was explained to him. He waived his preliminary examination and at no time did he request the opportunity to employ counsel, and he advised the court that he did not need an attorney, as set out at page 353 of this court's opinion in the second of the two habeas corpus proceedings heretofore mentioned. At no time did he request that counsel be appointed for him. In open court he signed a written waiver of counsel. This waiver stated that he had been advised by the court as to the nature of the offense with which he was charged and of the penalty prescribed by law in the event of a conviction thereof or a plea of guilty thereto; that he had been advised as to his right to counsel but that he did not desire that counsel be appointed for him, and requested that the court accept his plea of guilty to the charge and said that such statement and waiver were made voluntarily and of his own free will and accord. Following his plea of guilty he was asked if he had any legal reason to offer why sentence should not be pronounced. He replied in the negative and said—

"I never shot the man. My intentions was to go in when nobody was there and nobody would get hurt that way."

meaning, of course, that one of his companion codefendants—rather than he—actually fired the shot resulting in death.

If plaintiff was not indigent at the time he, of course, has no valid complaint as to lack of counsel. If in fact he was indigent he was given every opportunity to have counsel appointed for him—but instead he effectively waived such right. And neither may it be said his rights were prejudicially affected by not having counsel at his preliminary examination. The state offered no evidence, and plaintiff made no statements which were used against him—rather, he waived his preliminary examination. Under this record that was not a "crucial" step in the proceedings and it cannot be said that his rights were prejudicially affected because of the fact he was not represented by counsel at his preliminary examination. (*State v. Daegele*, 193 Kan. 314, 316, 393 P. 2d 978, cert. den. January 18, 1965, 379 U. S. 981, 13 L. Ed. 2d 571, 85 S. Ct. 686; *White v. Crouse*, 193 Kan. 674, 679, 396 P. 2d 333).

With respect to the conversations between plaintiff and the officers as to the probable length of time he would have to serve in the event of pleading guilty to the charge—the record completely refutes the contention that the statement by the officers was in any way fraudulent, false, or a misrepresentation. The officers merely told him what "statistics" showed as to the length of time other prisoners who had been sentenced to life imprisonment had served. We have no doubt but that on numerous occasions defendants in criminal prosecutions have "inquired" as to the length of time they would have to serve in the event of conviction—either by a jury or by a plea of guilty.

Under Rule No. 121(g) of this court the movant in an action under K. S. A. 60-1507 has the burden of establishing his grounds for relief by a preponderance of the evidence. The uncorroborated statements of the movant are insufficient to sustain the burden of proof. Considering what was said and held in the two habeas corpus proceedings, and the record in the instant action, we conclude that plaintiff's contentions are completely lacking in merit and that the district court was correct in denying relief.

The judgment is affirmed.