No. 45,059

FRANK McGEE, *Appellant*, v. STATE OF KANSAS, *Appellee*.

(434 P. 2d 841)

Opinion filed December 9, 1967.

*Tom Boone,* of Leavenworth, argued the cause and was on the briefs for the appellant.

*James N. Snyder, Jr.,* Assistant County Attorney, argued the cause, and *Joseph J. Dawes, Jr.,* County Attorney, was with him on the briefs for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This was a proceeding under K. S. A. 60-1507 by which the petitioner sought to have a conviction of burglary in the second degree and a sentence of five to ten years vacated and set aside.

The petitioner was convicted of burglary in the second degree and given a sentence of five to ten years in the state penitentiary on May 5, 1961. He was later convicted of escape without breaking and given a sentence of fifteen years under the habitual criminal act on May 1, 1964. The petitioner does not challenge the conviction and sentence for escape but suggests if the original sentence which supported his sentence as an habitual criminal is vacated he will have served his time on the sentence for escape.

No appeal was taken from the original conviction for burglary. An appeal was taken from the conviction for escape and judgment was sustained. (*State v. McGee,* 194 Kan. 246, 398 P. 2d 563.) The petitioner filed a proceeding under K. S. A. 60-1507 seeking to set aside the conviction and sentence in the second degree burglary case which was denied on July 24, 1964. No appeal was taken from that judgment. He filed a proceeding under K. S. A. 60-1507

seeking to set aside the conviction and sentence in the escape case which was denied on April 26, 1965, for the reason the petitioner would still be confined under the second degree burglary sentence. No appeal was taken from that judgment.

We now have before us for determination the appeal from the present proceeding under K. S. A. 60-1507 again challenging the judgment and sentence for second degree burglary.

The petitioner first contends that the trial court erred in not having appointed counsel to represent him for the purpose of appeal from the original conviction. The answer is simple. The petitioner indicated no desire to appeal. He requested a free transcript of the proceedings which was furnished him. He made no further suggestion, and made no effort to comply with Rule 1 (f) relating to appellate procedure in criminal cases, which reads:

"When any defendant has been convicted of a felony and he is without means to employ counsel to perfect an appeal to the supreme court, he may make affidavit to that effect, stating that he intends to appeal and requesting the appointment of counsel. The judge of the court in which such defendant was convicted shall, when satisfied that the affidavit is true, appoint competent counsel to conduct such appeal." (194 Kan. XII.)

We do not have here a situation where it is evident that the defendant was attempting to appeal, but because of illiteracy was unable to proceed, such as existed in *Greer v. State*, 199 Kan. 354, 429 P. 2d 942. The petitioner, by his numerous pro se petitions, has demonstrated his ability to express himself in writing and petition the court in his behalf. The trial court is under no obligation to suggest an appeal where no desire is indicated by the defendant. (*Groene v. State*, 195 Kan. 740, 742, 408 P. 2d 580.) In *Ware v. State*, 198 Kan. 523, 426 P. 2d 78, we ruled:

"Since the right to appeal is not a right granted or guaranteed by either the Constitution of the state of Kansas or the Constitution of the United States, it logically follows that the failure of a district court to advise a defendant of his right to appeal could in no way deprive him of any fundamental constitutional right." (p. 526.)

The appellant next contends three of the witnesses testifying for the state gave perjured testimony which constituted fraud on the court and violated the petitioner's constitutional rights. The difficulty with this contention is that the evidence does not support the contention. The trial court had a full hearing at which the petitioner appeared with his court appointed attorney and testified. He presented no new evidence. Both the jury in the original case

and the trial court in this proceeding were impressed with the veracity of the three witnesses for the state rather than that of the petitioner. That settles the matter. It is the function of the trier of facts, not a reviewing court, to determine which witness and what testimony it should believe. (*Tipton v. State,* 194 Kan. 705, 710, 402 P. 2d 310.)

The judgment is affirmed.

APPROVED BY THE COURT.