No. 45,331

Robert Paul Wippel, *Appellant*, v. State of Kansas, *Appellee.*

(453 P. 2d 43)

Opinion filed April 12, 1969.

*Gerald W. Foley,* of Atchison, argued the cause, and was on the brief for the appellant.

*Robert D. Caplinger,* county attorney, argued the cause, and *Kent Frizzell,* attorney general, and *F. Stannard Lentz,* assistant county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'Connor, J.: The petitioner, Robert Paul Wippel, has appealed from an order of the district court of Atchison county denying his K. S. A. 60-1507 motion to vacate the judgment and sentence imposed against him after his plea of guilty to two felony offenses— statutory rape and incest.

Wippel was originally charged with four felonies: two counts of statutory rape and two counts of incest. Pleas of not guilty to each charge were entered at the arraignment in district court, and the case proceeded to trial before a jury on September 29, 1958. Wippel was represented by retained counsel, Mr. James N. Snyder, Sr., of the Leavenworth County Bar. On the afternoon of the second day of trial the defense began the presentation of its case. A neighbor of Wippel's was called to testify as a character witness. At the conclusion of the witness' direct examination a recess was taken, and Mr. Snyder was advised by the county attorney that on cross-examination he would bring out an incident which occurred several weeks prior to the trial whereby the witness, at the direction

of the accused, attempted to bribe the county attorney to drop the case. As a result of this unexpected turn of events Mr. Snyder conferred with his client and the witness and learned, to his amazement, the county attorney's information was true. Mr. Snyder, after informing Wippel he was going to withdraw as his counsel, so advised the court; but at the judge's request, Mr. Snyder agreed to continue in the case. Mr. Snyder then conferred with the county attorney, who offered to dismiss two of the counts if Wippel pleaded guilty to one count of statutory rape and one count of incest. Mr. Snyder discussed the matter with his client, including the possible sentences that could be imposed. Part of the discussion took place in the presence of Wippel's sister and brother-in-law. Wippel agreed to accept the county attorney's offer, returned to court with Mr. Snyder, and entered pleas of guilty to the two offenses. The other two charges were dismissed upon the county attorney's motion. Sentencing was delayed at Wippel's request until October 8, 1958, in order for him to close out some of his business affairs. At that time Wippel and his counsel appeared before the court, and upon inquiry by the court, the county attorney and Mr. Snyder answered they were ready for "the sentencing." Thereupon, the court sentenced Wippel to the state penitentiary on each of the offenses, and at Mr. Snyder's urging, directed the sentences were to run concurrently. The record also indicates the court denied counsel's application for probation.

On September 5, 1967, Wippel filed his present motion, challenging the validity of the judgment and sentence on the grounds (1) he was not advised of his right to appeal by the court or by his attorney, (2) he was coerced by his attorney to enter his pleas of guilty, (3) his attorney was incompetent. The district court, after appointing Mr. Gerald W. Foley as counsel for petitioner, held a full evidentiary hearing at which petitioner and three other witnesses, including Mr. Snyder, testified. Thereafter, the district court made findings of fact and conclusions of law which, in pertinent part, are as follows:

"FINDINGS OF FACT

.   .   .   .   .   .   .   .   .   .   .   .   .

"XI. That Robert Paul Wippel was represented at all stages of the criminal trial and proceedings by a personally retained attorney; that said attorney was a capable, experienced and able trial attorney, well versed and experienced in criminal cases; that petitioner and his counsel were given full and complete

opportunity to confer prior to the entry of the pleas; that petitioner was not coerced by his attorney; that petitioner's pleas of guilty were freely and voluntarily entered by him with full knowledge of the probable consequences thereof.

"XII. That petitioner was free on bond from September 30, 1958 to October 8, 1958, before the court imposed sentencing; that petitioner never made any objection during this period nor at the sentence hearing of October 8, 1958.

"XIII. That while the Journal Entry recites an allocution, the transcript prepared by a reporter other than the trial reporter fails to show an allocution; that if in fact, an allocution was not given by the Court, no substantial right of petitioner was affected thereby nor are any alleged."

The district court's conclusions of law were, in effect, a paraphrasing of the foregoing findings, except for the conclusion "that petitioner was fully advised of his rights."

Petitioner's principal complaint is that his pleas of guilty were not voluntary but were induced by "fear, haste, persuasion, misrepresentation, and holding out false hopes by his attorney." He contends that as a result of conversations with his attorney he was pressured into pleading guilty, because if he did not do so, both he and his neighbor might be prosecuted for attempted bribery. He further says his pleas were entered with the understanding that "if he behaved himself" he would be compelled to serve only a minimum of ten months and twenty-seven days in the penitentiary, and with such a short period of incarceration, his children would not be placed in foster homes. These personal considerations now being voiced by petitioner may have been of some psychological influence on his decision to plead guilty; but personal considerations of this nature do not constitute the coercion required to vitiate an otherwise voluntary plea. (*Williams v. State*, 197 Kan. 708, 421 P. 2d 194.) Petitioner made his decision after having conferred fully with his experienced counsel whose capability and competence he does not seriously question. Absent is any showing that his attorney's advice in respect to the consequences of his pleas was other than accurate, or that petitioner was misled in any way. (See *Ramsey v. State*, 194 Kan. 508, 399 P. 2d 881.) The district court's finding that petitioner's pleas of guilty were freely and voluntarily entered, with full knowledge of the probable consequences thereof, is amply supported by the evidence and will not be disturbed by this court. (*Lloyd v. State*, 197 Kan. 389, 416 P. 2d 766; *Tipton v. State*, 194 Kan. 705, 402 P. 2d 310.)

Petitioner also complains of the trial court's failure to inquire of him whether he was pleading guilty voluntarily and because he was actually guilty. While we deem this a commendable procedure for district judges to follow before the acceptance of a guilty plea, there is no statute which requires a sentencing court to make such inquiry. (*Walsh v. State,* 195 Kan. 527, 407 P. 2d 516.) The assertion by petitioner that had such inquiry been made, he would have protested his innocence of the crimes charged, comes too late. If he knew of circumstances which would cast a shadow upon the voluntariness of his pleas, he had ample opportunity to bring the matter to the attention of the court at any time during the eight-day period that elapsed prior to sentencing. As previously indicated, he pleaded guilty after weighing the alternatives before him and discussing the matter with his counsel. His pleas of guilty, having been entered freely and voluntarily, constituted a confession of guilt of each of the crimes charged, and legally they were the most formal and binding confession possible for him to make. (*Wagner v. State,* 199 Kan. 154, 427 P. 2d 495; *Allen v. State,* 199 Kan. 147, 427 P. 2d 598.)

Petitioner further contends his attorney failed to inform him of his right to appeal. The only testimony to support this statement is that of the petitioner himself, and this testimony was considerably diluted by that of Mr. Snyder. The district court found that petitioner's counsel fully advised him of his rights, and we may assume this included his right to appeal. Regardless, the right to appeal is not one granted or guaranteed by either the federal or state constitution. If, in fact, counsel, as well as the court, failed to advise petitioner of his appeal right, such failure provides no basis for a collateral attack on the judgment and sentence in a 60-1507 proceeding. (*Ware v. State,* 198 Kan. 523, 426 P. 2d 78. Also, see *McGee v. State,* 200 Kan. 188, 434 P. 2d 841, cert. denied 390 U. S. 1007, 20 L. Ed. 2d 108, 88 S. Ct. 1253; *State v. Dobney,* 199 Kan. 449, 429 P. 2d 928; *Allen v. State,* supra.)

As his last point, petitioner complains the sentencing court failed to give an allocution as required by K. S. A. 62-1510. Although the journal entry of judgment recites an allocution was given, the transcript of proceedings does not disclose this to be true. Petitioner acknowledges our decision in *State v. Engberg,* 194 Kan. 520, 400 P. 2d 701, cert. denied 383 U. S. 921, 15 L. Ed. 2d

676, 86 S. Ct. 899, to the effect that failure to give an allocution is not reversible error unless it has affected a substantial right of the defendant in the criminal action. Petitioner's argument that his rights were prejudicially affected because he had no opportunity to inform the court of matters regarding the voluntariness of his pleas of guilty is patently untenable for the reasons stated earlier in the opinion.

The judgment is affirmed.