**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 27, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RODNEY JAMES PALMER,

    Defendant - Appellant.

No. 14-4121

(D.C. No. 2:12-CR-00663-RJS-1)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, Chief Judge, **BALDOCK**, and **HARTZ**, Circuit Judges.[**]

---

Defendant Rodney Palmer pled guilty to one count of producing child pornography in violation of 18 U.S.C. § 2251(a). Prior to his plea, Defendant acknowledged that between August 2009 and September 2012, he sexually abused his niece, born in 2003, and photographed the abuse on his cellular telephone. Following a plea hearing, the district court accepted Defendant's plea. Thereafter, however, Defendant had second thoughts and moved to withdraw his plea. Following an evidentiary hearing and denial of his motion, the court sentenced

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant to 210 months in prison consistent with his Fed. R. Crim. P. 11(c)(1)(C) plea agreement. In exchange for the agreement, the Government dismissed a child pornography possession charge and state authorities agreed not to pursue child sex abuse charges. Defendant now appeals the denial of his motion to withdraw his guilty plea. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

"When a defendant moves to withdraw a guilty plea—after its acceptance by the district court but prior to sentencing—the court must decide whether there is a 'fair and just reason for withdrawal.'" United States v. Byrum, 567 F.3d 1255, 1264 (10th Cir. 2009) (quoting Fed. R. Crim. P. 11(d)(2)(B)). We review that decision for an abuse of discretion, considering (1) "whether the defendant has asserted his innocence;" (2) "whether close assistance of counsel was available to the defendant;" and (3) "whether the plea was knowing and voluntary." Id. at 1264–65. Only if the defendant establishes fair and just reason to withdraw his plea need the court address the timing of the defendant's motion, prejudice to the Government, inconvenience to the court, and waste of judicial resources. Id. at 1265.

On appeal, Defendant Palmer tells us he is not challenging his guilty plea based on any defect in the statement he tendered prior to his plea, or in the plea colloquy. Nor does Defendant assert his factual or legal innocence of the crime. See United States v. Hamilton, 510 F.3d 1209, 1214 (10th Cir. 2007) ("[T]he mere assertion of a legal defense is insufficient; the defendant must present a *credible* claim of legal innocence."). Of the three points Defendant raised to support his

2

motion to withdraw in the district court—namely that his attorneys (1) failed to pursue a motion to suppress, (2) emphasized the plea offer was about to expire and he might face life in prison, and (3) impressed upon him the religious and familial consequences of a failure to plead—Defendant acknowledges the first two get him nowhere. Thus, he presses only the third point on appeal. Defendant claims that just prior to his change of plea hearing he had an exchange about religion and family with the first assistant public defender (FAPD) in the presence of his attorney of record, an assistant public defender (APD), which rendered his plea involuntary. According to Defendant, he felt the discussion "about religion, repentance, the effect on his wife and victim, overtook his will." Def.'s Br. at 7. "He was so emotional at the time before his plea due to the pressure from his attorneys, that he was not able to make a voluntary decision, gave up and pleaded guilty." Id. at 19.

Following an evidentiary hearing at which Defendant and his APD testified, the district court delivered thorough findings and conclusions from the bench. The court ruled Defendant was not coerced into pleading guilty but instead voluntarily, knowingly, and intelligently entered into his plea, all the while receiving effective assistance of counsel. Notably, the court found the APD "credibly testified that [Defendant] is the person who brought up the subject of his religious beliefs." Rec. Vol. 2, at 169. The APD stated Defendant "had referenced on several occasions praying about the case and what to do and what he felt God was prompting him to do." Id. at 95. The APD did not believe the FAPD, who was of the same "religious

3

persuasion" as Defendant, "engaged with him about a religion discussion until the day of the plea." Id. at 95, 97. Defendant did not testify otherwise. On that same day, both the APD and the FAPD told Defendant that "ultimately it was his decision" whether to plead guilty. Id. at 98.

We have found no case, and the parties have cited none, squarely addressing the question of what effect a defense attorney's discussion with a client about the perceived religious and familial ramifications of a crime may have upon a guilty plea. Nonetheless, the Wisconsin Supreme Court's decision in Craker v. Wisconsin, 223 N.W.2d 872 (Wis. 1972), is instructive. In that case, the defendant claimed his plea was involuntary "because he was subject to religious scruples and family pressure which prevailed upon him to plead guilty." Id. at 875. Distinguishing "between a motivation which induces and a force which compels the human mind to act," the court held "[t]he defendant's religious beliefs regarding the merits of confessing one's wrongdoing and his desire to mollify his family or give in to their desires are self imposed coercive elements and do not vitiate the voluntary nature of the defendant's guilty plea." Id. at 876 (internal quotation omitted).

Defendant Palmer says his emotion overcame his will immediately preceding his change of plea hearing. But as we have seen time and again, every child pornography prosecution is wrought with emotion for the perpetrator, the family, and the victim. If emotion over what has taken place, what is taking place, and what will take place serves to render a plea involuntary or counsel ineffective in such case,

4

then virtually every guilty plea to such a heinous crime would be suspect.

The district court specifically recollected observing Defendant's anxiety "firsthand" at the time of the change of plea hearing, and found it "neither disabling nor overwhelming." Rec. Vol. 2, at 140. "[T]he court viewed [Defendant's] demeanor and his responses to [its] questions as an indication . . . that [Defendant] fully appreciated the significance and consequences of changing his plea," and that his decision to do so was knowing and voluntary. Id. The court further noted that when asked at his plea hearing whether "anyone had threatened him or forced him *in any way* to plead guilty," Defendant "testified under oath that there was, quote, no threat other than the possibility of the charges being much worse, the addition of state charges if I don't accept this, end quote." Id. (emphasis added).

Defendant's "solemn declarations made in open court carry a strong presumption of validity," a presumption which Defendant has not overcome on the record before us. United States v. Sanchez-Leon, 764 F.3d 1248, 1259 (10th Cir. 2014). Moreover, the fact that in all probability a much worse outcome awaited Defendant had he rejected the plea agreement certainly suggests that to plead other than he did would have been irrational. See Padilla v. Kentucky, 559 U.S. 356, 372 (2010) (holding that to obtain relief on a claim that counsel's ineffectiveness tainted a guilty plea, a defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances").

The judgment of the district court is AFFIRMED.[1]

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge

---

[1] Here we note Defendant also appeals the district court's denial of his pro se motion to dismiss, which he filed following his guilty plea but prior to sentencing. Therein, Defendant argued the statute under which he was charged is unconstitutional as beyond Congress's power to enact. Defense counsel acknowledges the frivolity of Defendant's motion and we appreciate his candor. See United States v. De Vaughn, 694 F.3d 1141, 1154 (10th Cir. 2012) ("When a defendant admits guilt of a substantive crime, he cannot reverse course . . . and claim the criminal statute is unconstitutional.").