FILED
United States Court of Appeals
Tenth Circuit

October 19, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA

    Plaintiff - Appellee,

v.

RODNEY JAMES PALMER,

    Defendant - Appellant.

No. 17-4078
(D.C. Nos. 2:16-CV-00987-RJS &
2:12-CR-00663-RJS-EJF-1)
(D. Utah)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.

Petitioner Rodney James Palmer, a federal prisoner appearing *pro se*, requests a

certificate of appealability (COA) in order to appeal the district court's denial of his

motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  Because we conclude that

Palmer has failed to demonstrate entitlement to a COA, we deny his request for a COA

and dismiss this matter.

I

In 2012, a federal grand jury indicted Palmer on one count of producing child

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

pornography, in violation of 18 U.S.C. § 2251(a), and one count of possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Palmer and the government entered into a Rule 11(c)(1)(C) plea agreement, pursuant to which Palmer agreed to plead guilty to one count of producing child pornography, in violation of 18 U.S.C. § 2251(a). The district court, after conducting a plea hearing and satisfying itself that there was a factual basis for the plea, accepted the plea agreement.

Prior to sentencing, Palmer moved to withdraw his guilty plea. After conducting an evidentiary hearing, the district court denied Palmer's motion. In doing so, the district court found that Palmer "was not coerced into pleading guilty but instead voluntarily, knowingly, and intelligently entered into his plea, all the while receiving effective assistance of counsel." United States v. Palmer, 630 F. App'x 795, 796 (10th Cir. 2015). The district court then sentenced Palmer, consistent with the terms of the plea agreement, to a term of imprisonment of 210 months.

Palmer filed a direct appeal challenging the district court's denial of his motion to withdraw his guilty plea. This court rejected Palmer's arguments and affirmed his conviction and sentence. Id.

On September 22, 2016, Palmer filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. In his motion, Palmer asserted two arguments: (1) that the district court lacked jurisdiction over him because he is a sovereign state citizen rather than a United States citizen; and (2) that his trial counsel was ineffective for failing to investigate possible defenses that could have been raised (i.e., the sovereign state citizen

argument).

On April 27, 2017, the district court issued a memorandum decision and order denying Palmer's § 2255 motion. The district court concluded that Palmer's ineffective assistance of counsel claim fell within the scope of the appellate waiver contained in Palmer's written plea agreement. Although the district court acknowledged that the plea agreement authorized Palmer to bring an ineffective assistance claim related to counsel's ineffective assistance in negotiating or entering the plea, it concluded that the ineffective assistance claim asserted in Palmer's § 2255 motion had nothing to do with the plea negotiations or plea agreement. As for Palmer's claim that he is a sovereign state citizen to whom the laws of the United States do not apply, the district court rejected the claim as frivolous. On May 2, 2017, the district court entered judgment in the case.

On May 15, 2017, Palmer filed a motion to reconsider as well as a notice of appeal. On June 5, 2017, the district court denied Palmer's motion for reconsideration.

II

Palmer now seeks a COA from this court in order to appeal the district court's order denying his § 2255 motion. See 28 U.S.C. § 2253(c)(1)(B) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255."). To obtain a COA, he must make "a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). A substantial showing means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different

-3-

manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Moreover, where, as here, a district court dismisses a § 2255 motion in part on procedural grounds, the petitioner must demonstrate, with respect to any procedural ruling, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Having carefully examined Palmer's application for COA and the record on appeal, we conclude that he has failed to establish his entitlement to a COA on either of the issues raised in his § 2255 motion. With respect to the ineffective assistance of counsel claim, reasonable jurists could not disagree that the claim falls plainly within the scope of the appellate waiver contained in Palmer's written plea agreement. As for Palmer's sovereign state citizen argument, reasonable jurists could also not disagree that the claim is plainly frivolous. See 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."); see also United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."); Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir. 1990) (rejecting similar arguments in the tax-protester context).

-4-

III.

Palmer's request for a COA is DENIED, his motion to expedite is DENIED as moot, and this matter is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge