NOT DESIGNATED FOR PUBLICATION

No. 119,748

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GABRIEL NURI BURCH,
*Appellant*.


MEMORANDUM OPINION

Appeal from Riley District Court; GRANT D. BANNISTER, judge. Opinion filed August 9, 2019. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Jeremy J. Crist*, assistant county attorney, *Barry Wilkerson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., PIERRON, J., and BURGESS, S.J.

PER CURIAM: Gabriel Nuri Burch appeals the district court's denial of his presentencing motion to withdraw his guilty plea to attempted kidnapping. Burch argued his parents' threats to keep his children from visiting him and to cut off financial support unless Burch agreed to the plea amounted to coercion that constituted good cause to withdraw his plea. The district court determined that the pressure exerted by Burch's parents was not a good cause legal basis to withdraw his plea. On appeal, Burch contends that the district court abused its discretion by relying on an erroneous legal conclusion when denying his motion to withdraw his plea. Burch asks this court to remand the case

1

for a hearing to determine whether statements made by his parents constitute coercion. Finding that the district court did not rely on an erroneous legal conclusion, we affirm the district court's denial of Burch's motion to withdraw his plea.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 13, 2017, the State filed a complaint against Burch, charging him with one count each of aggravated kidnapping, aggravated domestic battery, aggravated intimidation of a victim, and criminal threat. On May 17, 2018, Burch entered an *Alford* guilty plea to an amended information of one count of attempted kidnapping. In exchange for the plea, the State agreed to dismiss any of the remaining counts and to recommend the low number in the sentencing guidelines grid box.

At the plea hearing, the district court took both statutory and informal precautions to ensure Burch's willingness to enter into a guilty plea. The district court granted Burch extensions of time to consult with his attorney prior to the plea hearing delaying the hearing from 11 a.m. to 5 p.m. The district court advised Burch of the rights he was waiving by taking a plea. The district court confirmed that Burch understood the plea agreement.

> "THE COURT: . . . [H]as anyone made any sort of promise or inducement whatsoever in order to get you to enter a plea?
> "THE DEFENDANT: No, sir.
> "THE COURT: Has anyone forced or threatened you in order to get you to enter a plea?
> "THE DEFENDANT: No, sir.
> "THE COURT: From what I'm hearing, but just to confirm, you're telling me that you are entering this plea freely and voluntarily, and on your own free will?
> "THE DEFENDANT: That is correct.
> . . . .
> "THE COURT: Do you know of any reason I should not accept your plea?

2

"THE DEFENDANT: No."

After the court found that the plea was supported by a sufficient factual basis and that Burch's plea was freely, voluntarily, and intelligently made, the district court accepted Burch's *Alford* guilty plea and adjudged Burch guilty of attempted kidnapping.

On May 30, 2018, 13 days after entering it, Burch moved to withdraw his *Alford* guilty plea. In his motion, Burch argued that good cause existed to withdraw his plea because his parents coerced him to take the plea by threatening to stop visiting him, to keep his children from him, and to withdraw their financial support if he rejected the plea and was later convicted and sentenced for aggravated kidnapping.

The district court considered Burch's motion to withdraw plea at the sentencing hearing on June 25, 2018. At the hearing, Burch's attorney stated that he would rest on his written motion and did "not have any further evidence to present based upon the request." When given a chance to make a statement on the motion, Burch stated:

> "For me to be forced into this deal would be for me to be wrongfully convicted. My parents—I'm a single parent and right now my family has temporary custody of my kids. And due to that, they have a very short leash that they're yanking on. They pretty much told me that if I didn't take this deal that I would no longer be able to see my children, they would cease to bring them to see me, and I would be cut off financially which would cause me to be an indigent inmate. And you know it terrifies me knowing that I might not be able to take back this deal at this point."

The district court denied Burch's motion to withdrawal his plea. Explaining its decision, the district judge stated:

> "It's clear from the transcript that again the necessary questions, rights, and responses from Mr. Burch were reviewed that day. So really that leaves the second [*State v. Edgar*,

3

281 Kan. 30, 36, 127 P.3d 986 (2006),] factor of whether the defendant was, as he states, forced synonymously with coerced. To resolve that the Court does look at further case law. Both *William v. State*, 197 Kan. 708[, 421 P.2d 194 (1966)], and then maybe more on point *State v. Denmark-Wagner*, 292 Kan. 870[, 258 P.3d 960 (2011)], a 2011 case, maybe not identical in facts but certainly a lot of similarity in which the appellate courts did determine that family pressure to accept a plea agreement does not constitute coercion so as to render a defendant's guilty plea involuntary, when the defendant acknowledges that the decision to enter the plea was ultimately his choice. Which the transcript reflects was the case when the plea was entered. The Court understands, Mr. Burch, that it is your desire to withdraw the plea at this time, but as was stated at the time of the plea this wasn't something that was going to be undone absent the necessary legal basis. Since the motion came in I've given this a lot of consideration in addition to any consideration that I have asserted at this time, but my ruling and finding is that there's not an adequate legal basis to support the motion and it is denied."

The district court later sentenced Burch to 114 months' imprisonment. Burch timely filed a notice of appeal.

## DID THE DISTRICT COURT ABUSE ITS DISCRETION BY RELYING ON AN ERRONEOUS LEGAL CONCLUSION WHEN IT DENIED BURCH'S MOTION TO WITHDRAW HIS PLEA?

Burch contends that the district court erred in denying his motion to withdraw his plea. "A plea of guilty or nolo contendere, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged." K.S.A. 2018 Supp. 22-3210(d)(1). Considering whether the defendant has shown good cause, the district court typically considers the three factors—commonly known as the *Edgar* factors:  (1) whether competent counsel represented the defendant; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandably made. *State v. DeAnda*, 307 Kan. 500, 503, 411 P.3d 330 (2018) (quoting *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 [2006]). These factors do not form an exclusive list, and the district court may consider other factors when considering the existence of good cause. *DeAnda*, 307 Kan. at 503.

4

Usually, an appellate court reviews a district court's decision to deny a plea withdrawal motion for abuse of discretion. *State v. Woodring*, 309 Kan. 379, 380, 435 P.3d 54 (2019). This review includes the district court's underlying determination that the defendant has not met the burden to show good cause. 309 Kan. at 380. A district court abuses judicial discretion where (1) no reasonable person would take the district court's view; (2) the discretion is guided by an erroneous legal conclusion, an error of law; or (3) substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based, an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). Regarding an error of law, an abuse of discretion is "'found when the trial court has gone outside the framework of legal standards or statutory limitations, or when it fails to properly consider the factors on that issue given by the higher courts to guide the discretionary determination.'" *Dragon v. Vanguard Industries, Inc.*, 277 Kan. 776, 779, 89 P.3d 908 (2004). The party seeking to withdraw the plea bears the burden of establishing the district court's abuse of discretion. *Woodring*, 309 Kan. at 380.

As Burch frames the issue, this appeal deals with a question of law. "[E]ven abuse of discretion standards can sometimes more accurately be characterized as questions of law requiring de novo review." *State v. White*, 279 Kan. 326, 332, 109 P.3d 1199 (2005). "Questions of law are presented when an appellate court seeks to review the factors and considerations forming a district court's discretionary decision." *Kuhn v. Sandoz Pharmaceuticals Corp.*, 270 Kan. 443, 456, 14 P.3d 1170 (2000). Here, because the issue is whether the district court's discretion was guided by an erroneous legal conclusion, this court's review of whether the district court's legal conclusion was erroneous is a question of law. Thus, the standard of review is de novo.

Based on Burch's single contention in his motion, the district court narrowed its analysis to the second *Edgar* factor, which is whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of. Ultimately, the district court ruled that Burch

5

did not present an adequate legal basis to support the motion to withdraw the plea. The district judge, discussing *Williams v. State*, 197 Kan. 708, 421 P.2d 194 (1966), and *State v. Denmark-Wagner*, 292 Kan. 870, 258 P.3d 960 (2011), stated that in both of those cases:

> "[T]he appellate courts did determine that family pressure to accept a plea agreement does not constitute coercion so as to render a defendant's guilty plea involuntary, when the defendant acknowledge that the decision to enter the plea was ultimately his choice. Which the transcript reflects was the case when the plea was entered. . . . [M]y ruling and finding is that there's not an adequate legal basis to support the motion and it is denied."

On appeal, Burch challenges only the district court's determination under the second *Edgar* factor—specifically, that Burch's "coercion" by his family could not constitute good cause under K.S.A. 2018 Supp. 22-3210(d)(1). Burch argues that the district court based its decision on a legal error when it "expanded the holdings of *Williams* and *Denmark-Wagner* to hold that familial pressure cannot constitute sufficient pressure to be good cause to withdraw a plea," which he maintains is an incorrect statement of the law. Burch contends that the district court never considered whether his specific situation amounted to coercion, and he maintains that, as a result, this court should remand the case to the district court for a hearing to determine whether the family's actions in this case constitute good cause to withdraw Burch's guilty plea.

While no Kansas appellate case has found good cause to withdraw a plea based on familial pressure, there are also no cases which have specifically stated that familial pressure could never rise to the level of coercion that would satisfy the good cause standard under K.S.A. 2018 Supp. 22-3210(d)(1). However, the proposition that the type of familial pressure exerted by Burch's parents could not constitute coercion is supported by *Denmark-Wagner* and *Williams*. First, it is clear that general familial pressure does not constitute coercion. Second, caselaw supports that the threat of losing the privilege of

6

visiting one's children does not constitute coercion. Hence, the district court did not rely on an erroneous legal standard.

*General familial pressure does not constitute coercion*

In *Denmark-Wagner*, the defendant argued that his family pressured him to enter into a plea which resulted in his plea not being voluntary. Denmark-Wagner testified at the hearing on his motion to withdraw his plea that his mother and sister pressured him into accepting the plea. Specifically, he stated, "'[M]y family thought it would be better for me to go so they can see me sooner and just be able to hug me and stuff during visitation instead of waiting and seeing me through the glass.'" 292 Kan. at 873. Denmark-Wagner stated that he agreed to the plea because he "'didn't want to just up and say the opposite of what everyone wanted [him] to do.'" 292 Kan. at 873.

Ultimately, the *Denmark-Wagner* court held that the district court did not err in refusing to grant the motion to withdraw because the defendant's plea was voluntary. 292 Kan. at 877. The court noted that despite the heavy weight the defendant gave to the advice of others, he made his own decision. Originally, the defendant affirmed that his plea was freely made when he entered his plea with the district court. At the hearing on his motion to withdraw his plea, the defendant maintained that he never wanted to enter the plea, but he acknowledged that it was his choice to accept the plea and that he knew he had a choice whether to accept the plea. The court stated that the defendant made his own decision and "[w]hatever family pressure existed did not rise to the level of good cause." 292 Kan. at 877.

It is clear that Kansas caselaw demonstrates that general familial pressure does not constitute coercion. The *Denmark-Wagner* court considered several cases to reach its conclusion, including: *Williams*, 197 Kan. at 710-11, *Wippel v. State*, 203 Kan. 207, 209,

7

453 P.2d 43 (1969), and *State v. Bartlow*, No. 96,933, 2008 WL 2051672, at *3 (Kan. App. 2008) (unpublished opinion).

In *Williams*, the defendant initially entered a plea to the rape of his stepdaughter on allegations made by his wife. The defendant later argued that his plea was coerced and involuntary because his wife and his attorney pressured him into taking the plea by telling him that bringing the case to trial would damage his daughter's reputation and harm his wife emotionally. The court stated that these were potential compelling reasons for him to enter into a voluntary plea, which he may have later found not to be valid when he sought to withdraw his plea. 197 Kan. at 711. However, this pressure did not amount to coercion. The court reasoned:

> "Every man charged with crime is influenced by personal considerations which may later not appear valid to him, but psychological self-coercion is not the coercion necessary in law to destroy an otherwise voluntary plea of guilty. The mental reasoning upon which appellant based a determination to enter a plea of guilty indicates that his plea was fairly and intelligently entered with knowledge of the consequences and after weighing the alternatives before him." 197 Kan. at 711.

In *Wippel*, the defendant argued that his defense attorney coerced him to enter into a plea deal that might allow him a short enough sentence to preclude his children from being placed in foster care. Following *Williams*, the *Wippel* court characterized these concerns as personal considerations that could have had "some psychological influence on his decision to plead guilty." 203 Kan. at 209. More importantly, the court determined "personal considerations of this nature do not constitute the coercion required to vitiate an otherwise voluntary plea." 203 Kan. at 209. See also *United States v. Palmer*, 630 Fed. Appx. 795, 797 (10th Cir. 2015) (unpublished opinion) (distinguishing "'between a motivation which induces and a force which compels the human mind to act'" and holding "'[t]he defendant's religious beliefs regarding the merits of confessing one's wrongdoing and his desire to mollify his family or give in to their desires are self-

8

imposed coercive elements and do not vitiate the voluntary nature of the defendant's guilty plea'" relying on the reasoning in *Craker v. Wisconsin*, 66 Wis. 2d 222, 229, 223 N.W.2d 872 [1972]).

The court in *Denmark-Wagner* also considered *Bartlow*, 2008 WL 2051672, at *3, an unpublished Court of Appeals case that determined pressure applied by and alleged control of the defendant's parents was insufficient to show good cause to withdraw the plea.

> "Similarly, in this case, the record indicates the district court conducted a thorough plea hearing, informing Bartlow of his rights and inquiring extensively as to whether he understood the proceedings and his rights. Most importantly, at the plea hearing, Bartlow confirmed that he was not threatened, coerced, pressured, or intimidated into pleading guilty.
> "As in *Williams*, it appears Bartlow pled guilty for personal reasons and at his family's urging, in hopes of receiving a lesser sentence. While it is unfortunate that he has now changed his mind, other than mere persuasion and convincing by family members, Bartlow provides no evidence his plea was made unwillingly or without an understanding of the consequences." 2008 WL 2051672, at *4.

*Williams*, *Wippel*, and *Bartlow* all support the legal determination that general familial pressure does not constitute coercion. In these cases, the Kansas appellate courts categorize familial pressure as psychological self-coercion or a personal consideration. Neither of these are the coercion necessary in law to render a plea involuntary.

This court's later caselaw supports this legal principle. In *State v. Thompson*, No. 111,014, 2015 WL 1123017 (Kan. App. 2015) (unpublished opinion), the defendant maintained that his mother pressured him to take a plea. The defendant argued that his mother, who was a "very strong influence in his life," asked him to take the plea offer every time she visited him. 2015 WL 1123017, at *5. The district court denied the

9

defendant's motion to withdraw the plea, finding there was no "viable basis for his motion." 2015 WL 1123017, at *2. Analyzing *Denmark-Wagner*, *Williams*, and *State v. Jones*, 47 Kan. App. 2d 109, 112-13, 271 P.3d 1277 (2012), this court concluded that "general pressure by family members to accept a plea offer does not constitute coercion or good cause to withdraw a plea" and this type of pressure was not so unusual to constitute coercion. *Thompson*, 2015 WL 1123017, at *5. See also *State v. Croft*, No. 118,856, 2018 WL 5730134, at *2 (Kan. App. 2018) (unpublished opinion) (holding that family pressure to accept a plea agreement did not constitute coercion to render the defendant's plea involuntary because the decision to enter the plea was ultimately the defendant's choice), *petition for rev. filed* November 18, 2018; *State v. Stegnik*, No. 104,072, 2013 WL 1234186, at *7 (Kan. App. 2013) (unpublished opinion) ("Several Kansas cases have found that pressure from one's family or attorney is not a valid basis for withdrawal of an otherwise voluntary plea of guilty.").

This caselaw supports the proposition that general family pressure is not coercion to show good cause to withdraw a plea under K.S.A. 2018 Supp. 22-3210(d)(1). "[A]n abuse of discretion may be found if the trial court's decision goes outside the framework of or fails to properly consider statutory limitations or legal standards." *State v. Shopteese*, 283 Kan. 331, 340, 153 P.3d 1208 (2007). Thus, it would be difficult for our court to find an abuse of discretion, when a district court applies the same legal standard as the higher courts.

*Familial threats to deny access to children do not constitute coercion*

Burch contends, however, that the district court went beyond the higher courts' legal standards. Burch argues that the pressure exerted by his family goes beyond the category of general family pressure considered in *Denmark-Wagner* and *Williams*. Burch contends that because his parents told him that he would not be able to see his children,

10

he did not confront "the typical pressure a defendant considers when determining whether to accept or reject a plea agreement." This statement is not persuasive.

Both *Wippel* and *Jones* work against Burch's assertion that the pressure he faced was extraordinary. In *Wippel*, the defendant was concerned about the length of his sentence because a shorter sentence would preclude the placement of his children in foster homes. Even so, the court categorized this concern as a mere "personal consideration." 203 Kan. at 209. Again, the court stated "personal considerations of this nature do not constitute the coercion required to vitiate an otherwise voluntary plea." 203 Kan. at 209.

Further, although outside the scope of familial pressure, *Jones* represents the proposition that the threat of losing one's parental custody does not amount to coercion. In the plea agreement the State agreed not to file a motion to terminate the defendant's parental rights to his son in exchange for the defendant's plea. At the plea hearing, in response to the district court's question whether "'anybody threatened you or pressure you in order to get you to plead today,' Jones responded, 'No. No, Your Honor.'" 47 Kan. App. 2d at 112. Later, Jones moved to withdrawal his plea because he was coerced by the threat of losing his children. The district court denied his motion. On appeal, this court affirmed the district court's denial of the motion, citing *Wippel*. The pressure Jones felt from the State's threat to challenge his parental rights was a personal consideration and not coercion. *Jones*, 47 Kan. App. 2d at 113. If a threat by the State to remove children does not constitute coercion, then it would be difficult to show that the same threat by a private party would constitute coercion. See *Edgar*, 281 Kan. at 36-37 (*Edgar* factors reflect the Due Process Clause of the United States Constitution, which normally requires state action to be enforced.).

Burch's contention that his parents' pressure was atypical is not supported by caselaw. This type of pressure, following *Wippel*, would fall under the category of

11

general familial pressure. See 203 Kan. at 209. As stated above, general familial pressure does not constitute coercion.

*Conclusion*

The district court did not base its decision on an erroneous legal conclusion. The district court did not exceed the legal framework of Kansas caselaw or fail to properly consider the guidance of the higher courts. Indeed, caselaw supports the district court's holding that Burch's parents' statements did not constitute coercion. The district court did not err when it held that Burch did not present an adequate legal basis to support his motion.

Affirmed.