**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RODNEY JAMES PALMER,

    Defendant - Appellant.

No. 19-4059
(D.C. No. 2:12-CR-00663-RJS-1)
(D. Utah)

_____

**ORDER AND JUDGMENT***
_____

Before **BRISCOE**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Rodney James Palmer, a federal prisoner appearing *pro se*, is back before the

court seeking review of the district court's denial of his motion for a writ of coram

nobis and his subsequent motion to reconsider. We last encountered Palmer when we

denied his request for a certificate of appealability ("COA") regarding the district

court's denial of his motion to vacate his sentence under 28 U.S.C. § 2255. Since

then, Palmer has filed several other requests for relief in the district court, including

his coram nobis entreaty. The district court denied these motions, principally on the

ground that they were unauthorized or otherwise jurisdictionally infirm. We agree

_____

* This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

with the district court, and we conclude that separate motions Palmer has filed with this court are unauthorized, moot, or without merit. We therefore affirm the district court, dismiss Palmer's requests for relief from his conviction and sentence, and deny or dismiss Palmer's pending appellate motions.

I

We have summarized many of the relevant facts in prior opinions, so we abbreviate that history. Palmer was indicted by a federal grand jury for producing and possessing child pornography. *United States v. Palmer*, 699 F. App'x 836, 836 (10th Cir. 2017) (unpublished) ("*Palmer II*"). He pleaded guilty to the production charge. *Id.* Prior to sentencing, Palmer moved to withdraw his guilty plea. *Id.* The district court denied the motion, and this court affirmed. *United States v. Palmer*, 630 F. App'x 795, 795–97 (10th Cir. 2015) (unpublished). The district court sentenced Palmer to imprisonment for 210 months. *Palmer II*, 699 F. App'x at 837. Palmer is currently serving that sentence. Record on Appeal ("R.") at 100.

Palmer appealed his conviction and sentence. He first filed an unsuccessful direct appeal. *Palmer II*, 699 F. App'x at 837. He then filed an unsuccessful § 2255 motion. *Id.* After he did not prevail in the district court on a motion for reconsideration, Palmer sought a COA from this court as to the denial of his § 2255 motion. *Id.* We denied a COA. *Id.* at 837–38. Palmer later filed a "Motion To Reopen Case," R. at 46, which the district court construed as a successive § 2255 motion. *Id.* at 64–65. Because Palmer had not sought or received permission to file

2

a successive motion, the district court dismissed the Motion To Reopen on jurisdictional grounds. *Id.*

Palmer continued. He filed a "Writ Of Error Coram Nobis" and a "Motion To Expedite" this request for coram nobis relief. *Id.* at 66, 96. Palmer argued in his coram nobis motion that the United States lacked jurisdiction to prosecute him criminally, and he intimated that he was actually innocent. *Id.* at 66–93. The district court concluded that a prisoner currently in custody cannot challenge his sentence or conviction through a writ of coram nobis, and in any event, Palmer's coram nobis application was in reality yet another unauthorized § 2255 motion. *Id.* at 100–01. The district court therefore denied the coram nobis motion, and referenced Palmer's accompanying "Motion To Expedite" in footnotes. *Id.* at 100–01 & nn.2, 6. After Palmer unsuccessfully sought reconsideration of the coram nobis ruling in the district court, *id.* at 116, he filed a notice of appeal. *Id.* at 118.

Palmer has filed several motions on appeal as well. One is a "Motion To Overrule And Dismiss Criminal Case For Lack Of Jurisdiction," in which he again asserts that the United States had and has no jurisdiction. A second is a set of papers in which Palmer seeks leave to proceed in forma pauperis. A third is a "Motion To Expedite Opening Brief And Case," in which he seeks to speed up the resolution of the case on appeal. A fourth is a "Motion For Judgment In Agreement," in which Palmer asserts that the government is estopped or otherwise barred from opposing his request for an exonerating judgment.

3

II

The district court properly rejected Palmer's coram nobis motion. Even if the district court had jurisdiction to entertain the motion, a petition for a writ of coram nobis is available only to a person "who is no longer 'in custody' and therefore cannot seek habeas relief[.]" *Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013) (citation omitted). Palmer does not fit that description. But the district court correctly determined that jurisdiction was lacking because Palmer's coram nobis petition was a successive § 2255 motion in disguise. A successive § 2255 motion "cannot be filed in district court without approval by a panel of this court." *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006). Without such approval, "the district court does not even have jurisdiction to deny the relief sought in the pleading." *Id.*

That Palmer labeled his filing as a request for a writ of coram nobis (instead of as a § 2255 motion) is immaterial. We "are not bound by a pleading's title; rather, we consider its substance." *United States v. Griffith*, 928 F.3d 855, 876 (10th Cir. 2019). A motion under § 2255 "asserts or reasserts claims of error in the prisoner's conviction," *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013), and one such alleged error is the absence of "jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). Palmer's coram nobis motion attempts to make this very point. The substance of Palmer's filing controls, whether we "[c]all it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review,

4

writ of error, or an application for a Get-Out-of-Jail card; the name makes no difference." *United States v. Springer*, 875 F.3d 968, 974 (10th Cir. 2017) (citation omitted). Palmer's suggestion that the district court did not actually rule on the coram nobis motion, or that the district court committed reversible error by issuing an opinion before the government filed a response brief, is unsupported.

Palmer's case is similar in many respects to *United States v. Perryman*, 750 F. App'x 705 (10th Cir. 2018) (unpublished). In *Perryman*, the defendant pleaded guilty to two counts and was convicted by a jury on several others. *Id.* at 706. The district court denied the defendant's first § 2255 motion, and we denied the defendant's request for a COA. *Id.* The defendant then filed an application for a writ of coram nobis, which the district court dismissed after deeming it a successive and unauthorized § 2255 motion. *Id.* at 706–07. We denied the defendant's subsequent request for a COA, observing (among other things) that the coram nobis motion was filed without permission even though it was effectively a § 2255 motion seeking relief from the underlying conviction. *Id.* at 707–08.

Nor has Palmer presented a case for innocence. One of the "traditional grounds" for excusing a successive habeas petition is "a proper showing of actual innocence." *United States v. Miles*, 923 F.3d 798, 803–04 (10th Cir. 2019). This requires "new evidence [that] shows it is more likely than not that no reasonable juror would have convicted the petitioner." *Id.* at 804 (citation omitted, brackets in original); *see also id.* (defining "new evidence" as proof that was "excluded or unavailable at trial") (citation omitted). Palmer has not highlighted any evidence that

5

compels a finding of innocence, much less "new" evidence that did not exist or was inaccessible at the time of trial.

Palmer's appellate motions do not provide a basis for relief either. Palmer identifies no basis for exercising jurisdiction over his "Motion To Overrule And Dismiss Criminal Case For Lack Of Jurisdiction" or his "Motion For Judgment In Agreement." Federal appellate courts have jurisdiction over "final decisions" of federal district courts. 28 U.S.C. § 1291. Palmer's motions do not seek review of any final decision of the district court. They seek direct relief from this court through an order declaring his underlying conviction and sentence invalid. We do not have original jurisdiction over habeas petitions, *Trevino-Casares v. U.S. Parole Comm'n*, 992 F.2d 1068, 1070 (10th Cir. 1993), let alone over stand-alone requests to nullify trial court proceedings. And even if we considered Palmer's motions, they come nowhere near establishing substantive grounds for relief.

That leaves Palmer's motion to proceed in forma pauperis and Palmer's motion to expedite. As to the former, appellate proceedings are now at an end, and regardless, Palmer "has failed to show the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Rolland v. Primesource Staffing, LLC*, 497 F.3d 1077, 1079 (10th Cir. 2007). As to the latter, today's ruling moots any request to accelerate the case on appeal. There are no grounds to grant either motion.

## III

For the foregoing reasons, we affirm the district court, dismiss on jurisdictional grounds all of Palmer's requests for relief from his conviction and sentence, and deny all of Palmer's pending appellate motions with the exception of the motion to expedite, which we dismiss as moot.

Entered for the Court


Mary Beck Briscoe
Circuit Judge